## EPHRAIM KENNEDY v. SAMUEL BECK.

1. ·PRECIPE—*Form and Sufficiency.* A precipe filed with the petition in an· action of replevin, directing that "The clerk of the district court will please issue process in the above. entitled action, returnable according to law," is sufficient to require the issuing of a summons, as well as the issuing of an order of delivery.

2. REPLEVIN; ORDER OF DELIVERY; *Order to Vacate, or Set Aside, Reviewable.* In an action of replevin, the order for the delivery of the property, issued at the commencement of the action, together with the necessary incidental proceedings, is a provisional· remedy; and therefore, under the statute which provides that the supreme court may reverse, vacate or modify an order of the district court, that "discharges, vacates or modifies a provisional remedy," an order of

the district court that vacates and sets aside such an order of delivery, with all the incidental proceedings connected therewith, is immediately reviewable by the supreme court, and it is not necessary in such a case for the aggrieved party to wait until the final termination of the action in the district court, before bringing the question to this court.

3. ——— *Order Irregularly Issued; Waiver.* It is a great irregularity for the clerk of the district court to issue an order of delivery in replevin several days before he issues the summons; but where the irregularity is purely the mistake of the clerk, and where the defendant, after the service of the order of delivery, and the summons, answers to the merits of the action, without raising any question concerning such irregularity, he thereby so waives the irregularity that he cannot afterward raise any question concerning it.

### *Error from Smith District Court.*

REPLEVIN, brought by *Kennedy* against A. W. Green, Nicholas Clemens, Judson McNall, Charles McNall, *Samuel Beck,* C. P. Newell, and Webster McNall, to recover possession of a portable steam saw-mill, valued at $2,000. An order of delivery was issued and executed, which was afterward, at the May Term 1874, and on motion of defendant *Beck,* vacated and set aside on the ground that said order of delivery was issued, not at or after the commencement of the action, but some eighteen days previously to the issuing of the summons. From such order vacating and setting aside the order of delivery, the plaintiff appeals, and brings the question here for review.

*A. J. Banta,* and *J. A. Linville,* for plaintiff:

1. Sec. 176 of the civil code provides that in an action to recover possession of specific personal property the plaintiff may at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property. Sec. 57 provides that a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to issue thereon. Defendant Beck says in his motion that "the plaintiff did not commence said action by causing a summons to be issued on the petition by him filed," and claims that the order of

delivery was issued without power by the clerk to issue it because the suit was not *commenced* until the summons *issued;* that the order could not issue under said § 176 until the suit was commenced; and that the summons not having been issued *before* the order, the order of delivery is absolutely void, and all proceedings thereunder a nullity. No objection is made to the affidavit and undertaking, and the court was not asked to set aside the order because the affidavit and undertaking were void by reason of having been filed before the summons issued. We submit that the order of delivery cannot be set aside unless the affidavit and undertaking are void; for if good, they support the order, and the defendant is safe. He will get the property, or its value, if the court adjudges that it be returned to him. No objection is made to the sufficiency of the sureties. But if the order of the district court is carried out, and the property delivered to Beck, what security has the plaintiff? The defendant making this motion has answered; an issue is made for trial. Under said § 176 the plaintiff cannot now have an order of delivery, because defendants have answered. The result is, that if the district court is correct, the plaintiff must at once dismiss his suit, if that is possible, and then the defendant Beck, under his answer, would ask to have his right to the property inquired into. And all the while defendant Beck has possession of the property, and can dispose of it, and the plaintiff has no redress. The order vacating said order of delivery, therefore, practically defeats the action, for it would be folly to proceed with no security for the delivery of the property in case the court adjudges that the plaintiff is the owner of it. So it is evident that substantial rights of the plaintiff are affected by this order.

2. There is no doubt an irregularity in this, that the summons should have gone out when the order did. But the plaintiff is not at fault. He did all the law required him to do. He filed his petition, precipe, affidavit, and undertaking *regularly.* "The clerk *shall* issue a summons on a written precipe." (Code, § 59.) This is nothing more than an irregular-

ity arising from the neglect of the clerk, and does not affect in the least the *power* of the clerk to issue the order of delivery. Because the clerk did not do all of his duty, does that take away his power to do a part? The theory that the clerk had no power to issue the order till he issued the summons, is untenable. It is the constant practice to issue both together, and when the undertaking and affidavit are filed regularly, as in this case, the order is not void simply because the clerk failed to issue the summons with it. The action is *commenced*, for all the purposes of this controversy, when the petition is filed. There are no set series of acts that must *all* be performed before the suit is commenced. It is commenced when the *first* step is taken so as to allow the filing of the affidavit and undertaking, and the issuing of the order of delivery to follow immediately. The action is pending so as to charge third persons with notice of its pendency, when the petition is filed. (Code, § 81.) Suppose a defective service is set aside: another summons issues on the same petition. It is evident that the filing of the petition is the initiatory step which gives foundation for what follows. If the issuing of the order in this case was a void act, so was the filing of the affidavit and undertaking. The truth is, to set aside the order of delivery in this case is an absurdity. If the bond and affidavit were void absolutely, then the clerk would have issued without authority, and the order could be set aside, and the reason would be plain enough. (Code, § 189.) But setting aside the order of delivery when the affidavit and undertaking are without question good, is incomprehensible. If the order was defective, or served defectively, those things would be amendable. But no questions of that kind are raised. The only objection is, that the order is *void* because issued too soon. It seems to us that the irregularity complained of does not affect any rights of defendant Beck, or of any of the defendants; much less does it affect *substantial* rights. Besides, the defendant making this motion having answered, he is certainly not in position to complain for that reason.

*L. C. Uhl, G. W. White,* and *H. Cooper,* for defendants:

1. The order complained of was not a final order, such as can be made the subject of review in this court by this proceeding. It did not involve the merits of the action, or prevent a judgment, or affect the substantial rights of either party. This court cannot, before the merits of the action have been reached in the district court, consider the alleged error.

2. The record shows that plaintiff filed his petition on the 27th of January, and on the same day caused an order of delivery to issue, returnable in ten days; that the property was taken on the following day and delivered to plaintiff; that on the 16th of February the clerk issued summons. No written precipe for summons was on file. Sec. 57 of the code defines when an action is commenced. Said order of delivery was issued and returned eighteen days before plaintiff had any case in court. Sec. 176 of the code defines when an order of delivery for property can be had. There is no provision in our statute whereby plaintiff can take property, or have an order of delivery therefor, before the commencement of an action, or issuing summons. The property in question was taken from defendant under cloak of legal process, by the issuing of an order of delivery, and his motion to set aside all the proceedings had prior to summons issued was properly sustained.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin brought by Kennedy against Samuel Beck and six others. The only rulings of the court below of which the plaintiff now complains are such as were made in favor of the defendant Beck, and against the plaintiff. The facts of the case necessary to be known, in order to have a correct understanding of said rulings, are as follows: On January 27th 1874 the plaintiff filed in the office of the clerk of the district court of Smith county his petition, affidavit, undertaking, precipe, and some

1. Precipe— other papers, for the purpose of commencing
form, and this action of replevin.    No question is now
sufficiency.

raised with regard to the sufficiency of any of the papers,
except the *precipe;* and we may as well consider the question
of its sufficiency here as in any other place.    The defendant
claims that there was "no written precipe for summons on
file."    The body of the precipe filed reads as follows: "The
clerk of the district court will please issue process in the
above entitled action, returnable according to law."    We
suppose the only objection to this precipe is, that it says
"process" and does not say "summons."    We think the
precipe was sufficient, both for the summons, and for the
order of delivery.

The order of delivery was issued on the same day said
papers were filed, and was duly served and returned within
two days thereafter.    The summons was not issued however
until February 16th, next following.    It was served on all
the defendants, and returned within nine days after it was

2. Replevin. issued.    Afterward, all the defendants answered.
Order of
delivery. Beck answered on March 16th.    He set forth in

his answer that he was the owner of the property, and claimed
a return thereof, and damages.    On May 5th, "The said de-
fendant Beck moves the court to set aside said order for the
delivery of said property to the plaintiff, and declare all pro-
ceedings thereunder null and void, and to award to said
defendant the right to the possession of said property."    On
May 7th, the court below sustained this motion, and the
plaintiff excepted; and this is the ruling of which the plain-
tiff now complains.    On May 9th, the case was continued by
the court below until the next term of that court.    Whether
the case has yet been disposed of in the district court, we have
no knowledge.    The defendant claims that this court cannot
review said rulings of the district court until the case is

Order vacating finally disposed of in that court.    We think how-
order of deliv-
ery may be ever the defendant is mistaken.    The statute pro-
reviewed. vides that, "The supreme court may also reverse,

vacate, or modify any of the following orders of the district

court, or a judge thereof—*first,* a final order; *second,* an order that grants or refuses a continuance, discharges, vacates or modifies a provisional remedy," etc. (Civil Code, § 542.) Now the action of replevin in this state is both provisional and final. The disposition of the property in controversy, pending the litigation, is provisional. The disposition of the property by judgment at the termination of the action, is final. We suppose there can be no question about this. The order for the delivery of the property issued at the commencement of the action, together with the necessary incidental proceedings, is purely a provisional remedy. And hence, under our code, an order of the district court that vacates and sets aside said order of delivery, and the incidental proceedings connected therewith, is immediately reviewable by this court; and it is not necessary in such a case for the aggrieved party to wait till the final termination of the action in the district court, before bringing the question to this court. Besides, the action of replevin is peculiar. The provisional portion thereof is so intimately connected with the ultimate remedy of the litigating parties, that the whole proceeding is generally classed among the provisional remedies. And this being so, it would almost seem that, under another provision of the statute, an order of the district court involving the merits of the provisional portion of the action might be immediately reviewable by the supreme court, as "an order that involves the merits of an action, or some part thereof," without waiting for the final termination of the action. (Code, § 542, last clause.) We do not decide this question however, now. But did the district court err in setting aside the order of replevin, with the proceedings connected therewith, and in giving the custody of the property to Beck? Now, if the plaintiff was not entitled to the custody of the property, perhaps he has no right to complain that the court erred in giving the property to Beck, instead of giving it to some one or more of the other defendants, or to a stranger; and hence we pass over this question without further consideration thereof. We shall consider Beck however, for this purpose, as representing

the interests of each and all of the other defendants; and then, did the court below err? We think it did. It was undoubtedly a great irregularity in issuing the order of replevin before issuing the summons; and if the defendant had made his motion in time, his motion should undoubtedly have been sustained. But still, it was not the fault of the plaintiff that the irregularity occurred. It was merely the mistake of the clerk; and we do not think it was one of those fatal irregularities that cannot be cured or waived by subsequent proceedings. If the defendant had moved to set aside the order of replevin, and all the proceedings thereunder before he answered, the motion should have been sustained. In that case, the defendant would have got the possession of the property for the time being, and if the plaintiff had then desired to get possession of the property, or to prosecute his action further, he could have got another order of replevin. But the defendant did not make his motion before he answered. He answered first, and made his motion afterward, and thereby put it beyond the power of the plaintiff to obtain another order of replevin. A plaintiff is entitled under the statute to obtain an order of replevin only "at the commencement of the suit, or at any time before answer." (Code, § 176.) Now, can it be possible that by the mistake of the clerk, and the defendant's answering before he made his motion, that the plaintiff can be virtually and substantially deprived of his action of replevin? We think not. We think the defendant waived the irregularity of issuing the order of replevin before the summons, when he answered to the merits of the action. In the interest of justice this ought to be so. When a supposed action is commenced, the defendant, unless he desires to answer to the merits at once, should examine all the proceedings carefully, and see whether he cannot defeat the action for irregularities or defects in the proceedings, and upon motion. If he should think he could not defeat the action in that way, then he should see whether he could not defeat it by plea in abatement, or by demurrer. But if he

*3. Order irregularly issued; waiver.*

*Effect of answer to the merits.*

thinks he cannot defeat it in any of these ways, then he should finally and lastly plead to the merits of the action. And when he does so plead, it should generally be regarded that he waives all mere irregularities preceding his plea. Of course, this is not so where the statute provides otherwise. Of course, it is not so where justice would be as well or better subserved by a different rule. And of course, it need not necessarily be so where any of the provisional remedies, other than replevin, are resorted to in connection with the principal or main remedy; for any of the other provisional remedies may be had at any time, before or after answer filed, and some of them even after judgment. And hence, to dissolve or vacate any of the other provisional remedies, after answer filed, can do the plaintiff but very little harm, for he can immediately commence again to get another such remedy. Besides, no other provisional remedy is so intimately connected with the main action as the provisional portion of replevin. The provisional remedy in replevin is in fact a part of the main remedy. And to defeat it, may substantially defeat the whole action.

The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.