## V. SPONENBARGER, *et al.*, V. B. W. LEMERT.

1. REDELIVERY BOND, *Construed; Estoppel.* Where a constable, holding an execution, issued in the case of L. v. F., levies on certain personal property as the property of F., and F. and B. afterward give to the constable a redelivery bond, admitting in such bond that the property belongs to F., and by reason of such bond the constable allows F. to retake possession of the property, *held,* that the constable receives said bond merely as a "security for his own indemnity," and that F. and B. are afterward estopped from denying that the property belongs to F.

2. ————— *Where Suit May be Brought.* A suit for the trial of the right of property under chapter 164 of the Laws of 1872, p. 333, may be brought in the township where the property is found and is situated.

3. JUDGMENT, *Generally Not Conclusive.* The judgment in such a suit is generally not conclusive; and in this case, where the constable who seized the property had no notice of the judgment until after he returned the execution, and no order was ever served upon him, directing him to restore the property to the claimant, (as provided by § 2, of said chapter 164, of the Laws of 1872,) the judgment is not conclusive, either in his favor or against him.

4. ————— *Return of Process, Conclusive.* A return of an officer on final process is generally conclusive as against the officer, and is conclusive in this case.

5. ————— *Cause of Action, Stated; Set-off.* In an action by L. against a constable and his sureties on the official bond of the constable, where the breach alleged was, the failure of the constable to properly serve an execution in the case of L. v. F., *held,* that a cause of action set forth in the defendant's answer, that L. owed the constable $20 for constable fees which accrued in the original cause of L. v. F., is a proper subject of set-off.

### *Error from Neosho District Court.*

ACTION brought by *Lemert* against *Sponenbarger* as principal, and five other defendants as sureties, on the official bond of Sponenbarger, as constable of Mission township, in

Neosho county. Trial at the April Term, 1878, of the district court, and judgment for plaintiff. New trial denied, and defendants bring the case to this court. The facts fully appear in the opinion.

*L. Stillwell*, for plaintiffs in error.

*Hutchings & Denison*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. This was an action brought by B. W. Lemert against V. Sponenbarger as principal, and the other defendants as sureties, on the official bond of Sponenbarger, as constable of Mission township, Neosho county, Kansas. Judgment was rendered in favor of the plaintiff for $83.36 and costs, and the defendants, as plaintiffs in error, now bring the case to this court. As Sponenbarger was the principal defendant in this action, whenever we shall use the word defendant in this opinion we shall mean Sponenbarger. The facts of the case, so far as it is necessary to state them, are substantially as follows:

On October 14, 1876, B. W. Lemert obtained a judgment for $117.70 and costs, against George French, before W. H. Morris, a justice of the peace in and for said Mission township. On October 27, 1876, said justice issued an execution on said judgment, and placed it in the hands of said V. Sponenbarger, constable as aforesaid, for collection. Sponenbarger levied said execution on certain personal property as the property of said French, which property he found in Shiloh township, in said county. After advertising said property for sale, Sponenbarger then left it in the possession of French, taking from him a redelivery bond, executed jointly by French and one Samuel Biard, which redelivery bond reads as follows:

"Know all men by these presents, that we, George French and Samuel Biard, are held and firmly bound unto V. Sponenbarger in the sum of three hundred dollars, for the payment of which we jointly and severally bind ourselves.

Sealed with our seals, and dated this 13th day of November, A. D. 1877. Whereas the said V. Sponenbarger, constable of Mission township, Neosho county, by virtue of a writ of execution, duly issued by W. H. Morris, a justice of the peace of said county, at the suit of B. W. Lemert v. George French, on the 14th day of October, A. D. 1876, to collect out of the personal property of said George French the sum of $133.55, hath levied upon the following described personal property of the said George French: One sorrel horse, white face, about fourteen hands high; one sorrel mare, about fifteen hands high, seven dry cows, white and red, and one bay colt; and which said property the said V. Sponenbarger left in the possession of said George French, at the request of the said obligors, at the time of the execution of this writing obligatory. Now, if the said George French shall redeliver said property to the said V. Sponenbarger, or other constable, holding an execution or order for the sale of the same, in said suit, at the time and place appointed by said V. Sponenbarger, or said other officer, according to law, then this obligation to be void; otherwise, to remain in full force.

"GEORGE FRENCH.    [Seal.]
"SAMUEL BIARD.    [Seal.]"

Sponenbarger never sold said property, nor did he ever do anything further with it. But after the time set for the sale thereof had expired, he returned the execution, with the following return indorsed thereon, to wit:

"I received this writ on the 27th day of October, 1876, and on the 13th day of November, A. D. 1876, I did, as commanded therein, levy upon and take into my possession the following-described personal property of the within-named defendant, George French, to wit: One sorrel horse, white face, about 14 hands high; one sorrel mare, about 15 hands high; one bay colt; and seven (7) head of dry cows, white and red; and thereupon posted four notices stating the time and place where I would offer said property for sale. Said notices were posted in four of the most public places in Shiloh township, Neosho county, Kansas, that being the township in which said property was found; and the premises of the defendant were stated in said notice to be the place, and the 23d day of November, 1876, at the hour of 2 o'clock P. M. of said day, the time when said property would be sold; and therefore, at the request of said defendant George French and one Samuel Biard, and on presentation to me of a bond

duly executed in the sum of $300 by said George French and said Samuel Biard, conditioned for the redelivery of said property so levied upon to me at the time and place stated in the notice for the sale thereof, I permitted said George French to retain the possession of said property so levied upon until the hour of 2 o'clock P. M. of the 23d day of November, 1876. And on the 23d day of November, 1876, at the hour of 2 o'clock P. M., I went to the premises of the said George French, defendant, and demanded the redelivery of said property so as aforesaid levied on, and the said George French and the said Samuel Biard utterly failed and neglected and refused to redeliver to me the said property, or any part thereof, and after diligent search made by me said property could not be found, and I herewith return said execution without sale of said property. Witness my hand, this 25th day of November, 1876.

"*Constable fees:* Serving writ, 25c.; 46 miles executing writ, $4.60; taking bond, 25c.; 46 miles to sell property taken on this writ, $4.00; total, $9.10.

"V. SPONENBARGER, *Constable.*"

This action, as we have already stated, was brought on the official bond of Sponenbarger, constable, and his sureties, and the breach alleged was the failure to sell said property. The petition was sufficient; and among other things it contained copies of said execution and said constable's return. The defendants set up various defenses, which were in substance, though not in words, as follows:

FIRST: The property levied upon by Sponenbarger, (except one cow and one horse, which now have nothing to do with the case, and which we shall not hereafter refer to,) belonged to said Biard, and not to French. And in a suit brought by Biard for the trial of the right of property, (under ch. 164 of the Laws of 1872, p. 333,) of which suit Lemert had due notice, and which suit was instituted and tried after said levy, and after the execution of said redelivery bond, but before the time fixed for said sale, it was judicially determined and adjudicated that the property belonged to Biard, and not to French. Biard made claim to the property both before and after said levy; and because of said claim, Sponenbarger, before the time set for said intended sale, demanded of Lemert

an indemnity bond, which bond Lemert agreed to give, but utterly failed and refused to do so. Sponenbarger was not present when the said trial of the right of property was had, and did not know how it resulted; but Lemert, who was present at the trial and knew how it resulted, told Sponenbarger that it resulted in his (Lemert's) favor, and Sponenbarger so believed when he made his said return.

SECOND: Lemert, after the time set for said sale, and after the return of said execution, sued French and Biard in the name of Sponenbarger on said redelivery bond, and thereby waived his right to a suit against Sponenbarger and his sureties for said failure to sell the property, which suit (against French and Biard) Lemert, as the attorney therein, mismanaged and finally dismissed, leaving Sponenbarger liable for $20 costs.

THIRD: Lemert owed Sponenbarger $20 for constable fees, which accrued in the original suit of Lemert v. French.

The plaintiff's reply to the foregoing defenses, as shown by his petition, reply, evidence, and the points that he has made in the court below, and in this court, is as follows:

FIRST: To the first defense or defenses: Biard by giving said redelivery bond admitted that French owned the property, and this admission ever afterward estopped him from making any claim of ownership to said property, and no one else can make it for him, and therefore it is immaterial whether Biard did in fact own said property or not, or whether he obtained said judgment for it or not, or whether he ever made any claim to it or not. But even if he is not so estopped, or whether he is or not, still, as Sponenbarger did not mention any such claim, or ownership, or judgment, in his said return, but mentioned a state of facts entirely inconsistent therewith, Sponenbarger is now estopped from setting up that the property belonged to Biard, and not to French, or that Biard ever made any claim thereto.

With respect to said judgment, Lemert further replies, *first*, there can be no trial of the right of property unless there is a *claimant* therefor; (Laws 1872, p. 333, § 1.) There

was no claimant in this case, for Biard's redelivery bond estopped him (the only supposed claimant) from making any claim thereto. *Second,* The suit for the trial of the right of property can only be brought in the township in which or from which the execution is issued, (Laws 1872, p. 333, § 1,) which in this case was Mission township; and therefore, as this suit for the trial of the right of property was not brought in the township from which the execution was issued, but in Shiloh township, the justice before whom it was brought had no jurisdiction thereof, and therefore the judgment rendered therein was a nullity. *Third,* Before a judgment for the claimant in a case for the trial of the right of property can have any force or effect, the constable must be notified of the result of the suit, and directed by a written order from the justice to restore the property to the claimant. (Laws 1872, p. 333, § 2.) As will be noticed, the claimant and the judgment creditor are the only parties to such a suit, and it is not necessary that either the judgment debtor or the constable have any notice thereof before the final judgment therein is rendered. The constable in this case had no notice of the final result of said suit until after the time set for the sale and until after he had made his return of said execution, and no order was issued to him directing him to restore said property to the claimant; therefore said judgment never had any force or effect. *Fourth,* The judgment in a suit for the trial of the right of property is not conclusive, and the constable may ignore it if he chooses, and in this case he did ignore it.

With respect to said indemnity bond, Lemert further says, that the only demand made for it, and the only agreement of his to give it, were made solely upon the condition that the property should first be sold, and that he never refused to give the same until after Sponenbarger failed to sell the property. And Sponenbarger's return, which was made *after the time* set for said sale, and which is conclusive against him, says nothing about said indemnity bond, or a failure to sell the property, because no such bond was given. And

Lemert further says, that before an indemnity bond could be demanded, there must be a legal claim made for the property, and a legal claimant, (Gen. Stat., p. 807, § 152,) and that in this case there was no such claim or claimant, for the reason that Biard, the only alleged claimant, had previously, by giving said redelivery bond, estopped himself from making any such claim.

SECOND: Lemert replies to the said second defense as follows: The commencing of the suit on said redelivery bond by Lemert as an attorney at law, for Sponenbarger, was no waiver of Lemert's right of action against Sponenbarger. The redelivery bond was taken by Sponenbarger solely as a "security for his own indemnity." (Gen. Stat., p. 807, § 151.) It was no affair of Lemert; and whether Sponenbarger recovered on the bond for a breach thereof, made but little difference to him, Lemert.

THIRD: What Lemert's reply to Sponenbarger's third defense (numbered sixth in Sponenbarger's answer) is, we do not know, and he has not told us.

Sponenbarger's rejoinders, as we gather them from the whole of the record and from the points made in this court, are substantially as follows: *First,* After said redelivery bond was given, said suit for the trial of the right of property was commenced, and notwithstanding the supposed estoppel growing out of said redelivery bond, judgment was rendered in said suit in favor of Biard and against Lemert for the property; and if said supposed estoppel was good as a defense or otherwise in any action, it was certainly good as a defense in that action; but as it was not made available in that action, it cannot now be made available in this or in any other action. The judgment rendered in that action is conclusive against Lemert in this action as to all defenses or supposed defenses which Lemert might then have had and which he might then have interposed. Said judgment is *res adjudicata* as to all questions which could have been litigated in that action. *Second,* Said return as before stated was made under a mistake of facts, induced by the false representations of the plaintiff in this

action, and therefore its recitals cannot be binding upon these defendants. *Third,* The said suit for the trial of the right of property may be brought at least in the township where the property is found, or in the township where the claimant resides, (Laws 1872, p. 333, §1,) if not in any township in the county. (Comp. Laws 1879, p. 702, §1.) And this suit for the trial of the right of property was commenced not only in the township in which the property was found, but also in the township where the claimant resided.

In the consideration of this case, we think we shall have to consider the property levied on as in fact belonging to Biard. We must also consider that Biard made a claim to the property, and that for this reason Sponenbarger demanded of Lemert an indemnity bond; but that this demand was never made a finality. On the contrary, Sponenbarger agreed, (as may properly be inferred from the evidence,) that the bond might be given after the sale of the property, and the property was never sold. Hence, we do not think that said demand amounts to anything; and therefore neither does the failure to give the indemnity bond amount to anything.

The giving of said redelivery bond by Biard and French, in which they substantially admitted that the property belonged to French, we think estopped Biard from afterward denying that the property belonged to French, unless said judgment, in the right-of-property case, overturns this estoppel. (Freeman on Executions, 265, and authorities there cited.) Parties cannot be allowed to gain advantages (the possession of the property levied on) by making admissions, and then to deny the truth of such admissions, to the injury of others who relied upon their truth, and who had a right to rely thereon. When a redelivery bond is given, the constable and the judgment creditor have a right to believe, as against the parties giving it, that the property belongs to the judgment debtor, and that it will be returned to the constable on or prior to the day set for the sale of the property. But if it is not so returned, then the satisfaction of the judgment is delayed, if not defeated, with much loss and inconvenience to the con-

stable and judgment creditor. But does said judgment in the right-of-property case overturn this estoppel? We think not. And yet we think that the justice of the peace who rendered it had sufficient jurisdiction. We think that the suit was properly commenced in the township where the property was found and seized. All property levied on by a constable under an execution remains in the township where it is found, and *it is advertised and sold in such township,* (Comp. Laws of 1879, p. 724, § 146,) and *when it is levied upon,* or in the language of the statute, "*when a constable shall levy on* or attach property, claimed by any person or persons, other than the party against whom the execution or attachment issued," "a trial of the right to such property" may after three days' notice be had, "which trial shall be had before some justice of the township," etc. (See § 1, Laws 1872, p. 333; § 152*a* of Comp. Laws 1879, p. 725.) The word "township," as here used, probably means the township in which the property is found or situated, at the time the claim is made for it. At least, we do not think that it is absolutely necessary that the trial should be had in the township from which the execution is issued. Now, supposing that the justice had jurisdiction to render the judgment, and that the judgment is valid: then is the judgment conclusive as to the ownership of the property, as against Lemert and in favor of Sponenbarger, in this action? We would think not. Such judgments are generally not conclusive. (Freeman on Executions, §§ 276, 277; *Armstrong v. Harvey,* 11 Ohio St. 527, 533; *B'Hymer v. Sargent,* 2 id. 682; *Foltz v. Stevens,* 54 Ill. 181, 185, 186; *Curtis v. Patterson,* 8 Cow. 65; *Van Cleef v. Fleet,* 15 Johns. 147; *Sheldon v. Loomis,* 28 Cal., 122.)

This kind of suit is a summary proceeding before a justice of the peace for the trial of the right to property which may amount in value to several hundreds or even thousands of dollars, and neither the judgment debtor (the supposed owner of the property) nor the constable who has seized it is made a party to the action, but the proceeding is had merely between the claimant and the judgment creditor. But

in this case the judgment was not conclusive, for the reason that the constable had no notice of the judgment at the time the sale should have taken place, and at the time he made his return, and was never directed in accordance with said § 2 to restore the property to the claimant, but was allowed by the claimant, so far as the record shows, to sell said property, notwithstanding the judgment. As the constable re-ceived no such notice or direction, it was his duty to proceed under the execution just as though no trial as to the right of property had ever been had.

We also think that the constable's return is conclusive against him. He says in his return substantially, that French owned the property, and this return was made after said judgment in the suit for the trial of the right of property was rendered. An officer's return on final process is gener-erally conclusive. (Herman on Executions, § 242; Freeman on Executions, § 366.) This is especially true as against the officer. Officers may sometimes be allowed to amend their returns, and probably they might sometimes be allowed to impeach the return for fraud practiced upon them, and some-times possibly for mistake, but generally the return must be considered as conclusive. There is no sufficient reason shown in this case why the return made by Sponenbarger should not be considered as conclusive.

We think that the cause of action set forth in the defend-ants' answer, to wit, that the plaintiff owed Sponenbarger $20 for fees which accrued to him as constable in the original case of Lemert v. French, is a proper subject of set-off in this action. (Civil Code, §§ 94 and 98 to 100; *Himrod v. Baugh* 85 Ill. 435, 437, 438, and cases there cited.) Sponenbarger was probably not in fact entitled to $20 as fees; for, accord-ing to the execution in that case, the execution placed in his hands for service, the whole of the costs (including all the officers' fees) were only $15.85. But the defendants alleged in their answer that Sponenbarger was entitled to said $20, and the court below sustained a demurrer which was inter-posed by the plaintiff to this portion of the defendants' an-

swer, and would not allow the defendants to prove this part
of their answer; and hence, for the purposes of this case, we
must take it as admitted that Sponenbarger was entitled to
said $20 as fees.

We think we have said everything that need to be said in
this case; and while we may not have discussed in this opin-
ion every question presented by counsel, we have neverthe-
less carefully considered all of them.

The judgment of the court below will be reversed, unless
the defendant in error (plaintiff below) will consent to a re-
duction of his judgment in the sum of $20; and in case he
so consents, the judgment will be so reduced, and then af-
firmed.   The costs in this court will be equally divided be-
tween the parties.

All the Justices concurring.