SALLIE H. CARR v. A. M. HUFFMAN, *as Sheriff of Hamilton County.*

1. REPLEVIN—*Vacating Order of Delivery—Review.* An order of the district court vacating an order of delivery issued in an action of replevin is immediately reviewable in the supreme court; the aggrieved party is not required to await the final determination of the cause in the district court.

2. ———— *Practice.* An order of delivery cannot be set aside and vacated by the district court after answer for any informality or irregularity in its issue, or because no *præcipe* was filed by the party desiring it.

*Error from Hamilton District Court.*

THE opinion states the case.

*Milton Brown,* and *Kimball & Osgood,* for plaintiff in error.

*A. J. Hoskinson,* for defendant in error.

Opinion by SIMPSON, C.: On the 25th day of January, 1888, Mrs. Carr commenced this action in replevin against Huffman, who was the sheriff of Hamilton county, to recover possession of a piano, of the alleged value of $300, that the sheriff had seized under an execution against the husband of Mrs. Carr. This piano was situated in Kearny county, then attached to Hamilton county for judicial purposes. She gave bond for costs, and an undertaking in replevin, the sureties on which were approved by the clerk of the district court; filed the necessary affidavit; and an order of delivery was issued to the coroner of said county, that was served and duly returned with a redelivery bond, with sureties, in the sum of $600. After this, Huffman filed an answer, consisting, first, of a general denial; and second, that as sheriff as aforesaid, under an execution against Sam. H. Carr, he had levied on the piano as the property of Carr. Afterward, the attorney of Huffman filed a motion to set aside and quash the order of delivery and the service thereof. This motion was filed after the

answer of the defendant in error had been filed for some months. Before filing the motion to set aside the order of delivery the sheriff asked leave to withdraw his answer, and this was granted. The motion to set aside the order of delivery was sustained, and the court then permitted the sheriff to file an amended answer. The plaintiff in error asked leave to amend her petition and affidavit for replevin, and certain amendments were made. On the 22d day of October the plaintiff in error caused an *alias* order of delivery to be issued, directed to the sheriff of Kearny county, (that county having been organized,) which was served and returned with another redelivery bond. The defendant in error then filed a motion to set aside the *alias* order of delivery, and this was sustained.

The plaintiff in error is here complaining of all these rulings, and as to all but one we cannot review them, as no final disposition of the case has been made. The orders of the court for leave to plead and file motions and to amend we cannot now consider. The one most bitterly complained of is that of quashing and setting aside the first order of delivery, and as that is a final order that discharges a provisional remedy, we can review it. The motion directed against it enumerated the reasons why it should be set aside. The first is, "that it was prematurely issued, without the plaintiff filing a *præcipe* therefor with the clerk of the court." The code does not require that a *præcipe* shall be filed, but it is made the imperative duty of the clerk to issue an order of delivery whenever a certain proper affidavit is filed therefor and a sufficient undertaking entered into with the approved sureties. (Civil Code, §§ 176, 177.) It might be that the clerk, to protect himself, when he has doubts either as to the sufficiency of the affidavit or the legal form of the undertaking, can demand a *præcipe*, but after he issues the writ without such a demand it is too late to question the regularity of the proceeding. The second cause assigned is, "because the officer to whom the same was directed had no jurisdiction to execute the same, the writ showing on its face that the property was outside of his county;" and the third, that may be considered in connection with the

second, is, "because said order is issued for property outside of Hamilton county."

The writ was directed to the coroner of Hamilton county, an affidavit being filed that the sheriff was interested, being the defendant in the action. It described the property as being situate at Lakin, in Kearny county, Kansas, and the averment of the petition is that Kearny county, being unorganized, is attached to Hamilton county for judicial purposes. The district court of Hamilton county must take judicial notice of the attachment of Kearny to Hamilton county for judicial purposes, as we do, and hence none of the objections urged against the order of delivery were good, and did not authorize the court to set it aside. Besides, the defendant had answered, and it was too late to move against the order of delivery. To withdraw his answer, then interpose his motion to vacate the writ, and then ask and obtain leave to renew his answer as soon as the motion was disposed of, looks like trifling with the orderly course of judicial proceedings; and all this defendant in error did, and was permitted to do. This suit was commenced on the 25th of January, 1888. The answer of defendant was filed on the 24th day of February, 1888. On the 8th day of August, 1888, the defendant in error filed his motion to vacate the order of delivery. On the 15th day of August, 1888, he asked leave of the court to withdraw his answer and file his motion to vacate, and this was granted; and on the same day the motion to vacate was sustained, against the objections of the plaintiff in error, who then and there had her exceptions noted. On the 27th day of August, 1888, by permission of the court, the defendant in error filed what he calls an amended answer, being in legal effect the same as his original answer. It will be seen from this statement that the withdrawal of the original answer was a mere pretext to attempt to avoid the decision of this court in the case of *Kennedy v. Beck*, 15 Kas. 555, wherein the court holds that in an action of replevin it is too late to raise any question about the irregularity of the issue of an order of delivery on behalf of the defendant after he has filed his answer.

So that the effect of the trial court permitting these things to be done, if we should affirm them, would be to deprive the plaintiff in error from obtaining a writ of replevin. We regard the struggling efforts of the plaintiff in error, after the defendant in error filed an answer, to procure an *alias* order of delivery as null and void, and having no bearing on the question of the regularity of the original order of delivery.

We recommend that the order of the trial court vacating the original order of delivery be reversed, with instructions to overrule the motion, and for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.