## SOUTHERN DEPARTMENT—WESTERN DIVISION.
### SEPTEMBER TERM, 1895.

SALLIE H. CARR v. A. M. HUFFMAN, *as Sheriff of Hamilton County.*

1. REPLEVIN — *Gist of the Action.* The wrongful detention of personal property is the gist of an action in replevin.
2. WITHDRAWAL OF PLEADING — *Estopped from Denying its Truth.* A party, having once solemnly admitted a fact by his pleading, is estopped from afterward denying the truth of such admission by the withdrawing of such pleading.
3. EXECUTION — *Levy Defined.* When an officer levies on property under an execution, it is a seizure of the property — a taking the possession of the same — and it is then under the dominion of such officer.
4. SPECIAL FINDINGS — *Motion for Judgment.* Where a cause is tried before the court, and the court makes special findings of fact, and all the facts found by the court are in favor of the plaintiff, and, when taken in connection with the admitted facts, the plaintiff is entitled to recover, it is error for the court to overrule a motion for judgment for the plaintiff on the facts as found by the court.

MEMORANDUM.—Error from Hamilton district court ; A. J. ABBOTT, judge. Action in replevin by Sallie H. Carr against A. M. Huffman, as sheriff. Judgment for defendant. The plaintiff brings the case to this court. Reversed. The opinion was filed October 1, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows :

On the 25th day of January, 1888, the plaintiff, Sallie H. Carr, filed her petition with the clerk of the district court of Hamilton county against A. M.

Huffman, sheriff of said county, in which she alleges as her cause of action that on the 13th day of January, 1888, she was the owner of the following specific personal property : "One J. & C. Fischer piano, J, No. 68,547, of the value of $300 ; " that said defendant wrongfully took said property from said plaintiff, and has ever since that date wrongfully detained said property from her, and so wrongfully detained said property from said plaintiff, to her great damage, to wit, in the sum of $100 ; that said plaintiff, at the time of said wrongful taking and ever since to the present time, was and is the owner of said-described property and entitled to the immediate possession thereof, and that the property was then and still is of the value of $300. The plaintiff demands judgment against the defendant for the sum of $100 damages sustained and for the wrongful detention of the property ; also demands judgment against defendant for the recovery and return of said property, and, in the event that said property cannot be returned, then a judgment for $300, the value of said property, and costs of this action. Plaintiff also at the time filed her affidavit in replevin ; also her bond, which was duly approved by the clerk of said court. Summons was duly issued in said case and served on the defendant, and also an order of delivery issued, which was duly returned into court with a redelivery bond. On the 24th day of February, 1888, the defendant filed his answer to said petition, containing two separate counts. The first answer is a general denial of each and every allegation contained in the petition, except those allegations hereinafter admitted ; second, defendant, further answering, states that he is the duly-elected and qualified sheriff of Hamilton county, Kansas, and has been such sheriff ever since the 8th day of January,

1888, and that on the 12th day of January, 1888, he received the writ of execution issued to him out of the district court of said state of Kansas in and for said county of Hamilton, twenty-seventh judicial district, in favor of M. F. Stafford against Samuel H. Carr for the sum of $200, and $5 as costs of suit; and that, by virtue of said writ of execution, he levied upon the piano described in said petition as the property of Samuel H. Carr. A copy of said execution is attached to said answer, marked "Exhibit A" and made a part thereof. This answer is duly verified by the affidavit of said defendant as true. On the 8th day of August, 1888, over the objection of the plaintiff, the court permitted the defendant to withdraw his answer and file a motion to quash the order of delivery; and the motion to quash was sustained by the court and the plaintiff duly excepted, and the case was taken to the supreme court on said exceptions and the ruling of the district court was there reversed. ( *Carr v. Huffman*, 47 Kas. 188.) The supreme court holds that "an order of delivery cannot be set aside and vacated by the district court after answer for any informality or irregularity in its issue, or because no præcipe was filed by the party desiring it."

After the case was taken to the supreme court on the exceptions to the quashing and setting aside of the order of delivery, and before the case was heard and decided in the supreme court, the defendant, by leave of court, filed an answer to the petition of the plaintiff, denying each and every allegation of plaintiff's petition, and while the case was still pending in the supreme court the case was tried before the court without a jury. The court made findings of fact in answer to questions submitted by plaintiff, as follows:

"1. Who was the owner of the piano described in the petition on January 13, 1888? A. The plaintiff.

"2. What was the value of said piano on January 25, 1888? also such value on January 13, 1888? A. $375.

"3. Did the defendant, as sheriff, levy on said piano on January 13, 1888, as the plaintiff's property? If not as her property, if levied on, then how? A. As the property of Samuel H. Carr.

"4. Was the defendant notified before he so levied on said piano by the plaintiff or her agent that it was plaintiff's property, and defendant then warned and notified not so to levy? A. He was so notified and warned.

"5. Did the defendant put up a redelivery bond for the return of the property in this case, and, if so, did the coroner return the piano to the defendant? Was said piano released from said levy of execution and returned to the plaintiff? A. He did, but the piano was never actually delivered to the defendant; the evidence does not show that the piano was or was not released from the levy.

"6. What was the rental value per month of said piano? A. $10.

"7. What was the value to the plaintiff of the contract between her and the firm from which she purchased said piano up to February, 1886? A. It had no value as a measure of damages.

"8. Was a demand made upon said defendant by the plaintiff, her agent or attorney, for said piano prior to the bringing of this action? A. Yes."

As a ninth finding, the court finds as follows:

"9. The court also finds, as a matter of fact, that the defendant never took the piano from the possession of the plaintiff, and that at the commencement of this action the plaintiff had the actual possession thereof."

The court found as a conclusion of law: "The action of replevin cannot be maintained because there was not at the commencement of this action a wrongful detention." The plaintiff objected to the ninth finding of fact and to the conclusion of law, and

moved the court for a judgment in her favor on the special findings made in response to the questions and request made by her, which motion was overruled, and plaintiff duly excepted thereto. Motion for a new trial was made and overruled, and exceptions taken by the plaintiff. Judgment was rendered against her for costs of suit, and she duly excepted, and filed her case in. the supreme court for review, and the case was duly transferred by order of the supreme court to this court for its determination.

*Milton Brown,* for plaintiff in error.

*A. J. Hoskinson,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: The plaintiff assigns 10 separate errors for the consideration of this court. The first and second assignments have already been decided by the supreme court, in the case of *Carr v. Huffman,* 47 Kas. 188, and the order of the district court quashing the writ of replevin reversed. It is unnecessary for us to consider them at this time. From the view that we take of the whole case, it seems unnecessary for us to consider the several assignments of error in the order in which they are presented.

The district court found that, at the commencement of the action in replevin, the plaintiff was the owner of the piano in controversy ; that it was of the value of $375 ; that on the 13th day of January, 1888, the defendant levied on the piano as the property of Samuel H. Carr ; that before he made the levy he was notified that it was the property of the plaintiff, and warned not to levy on the same ; that when the piano was taken on the order of delivery in this action, the defendant put up a redelivery bond, although the

court says in its finding, "but this piano was never actually delivered to the defendant." The evidence does not show that the piano was or was not released from the levy ; that demand was made upon the defendant by plaintiff for said piano prior to bringing said action. The court then finds as finding No. 9 : "As a matter of fact, the defendant never took the piano from the possession of the plaintiff, and that at the commencement of this action the plaintiff had the actual possession thereof." But finding No. 9 is without evidence to support it, and is in direct opposition to the facts admitted by the defendant in his original answer filed in this action, which was verified by him as true. The plaintiff in her petition alleges the ownership of the property ; that she was entitled to the immediate possession thereof ; and that the same had been wrongfully taken from her by the defendant; and that he then wrongfully detained the same from her possession. To the several allegations of plaintiff's petition, the defendant entered a general denial of each, except those that were specifically admitted. The defendant admitted that he levied an execution on said piano in an action wherein M. F. Stafford was plaintiff and Samuel H. Carr was defendant, and in this manner sought to justify his possession of the property, and then, when the order of delivery was served in this case and the piano taken possession of by the coroner under the order, the defendant had a redelivery bond made, which was duly approved by the coroner and returned with the order of delivery. The defendant is estopped by his answer and redelivery bond from denying his possession of the property. (*Sponenbarger v. Lemert*, 23 Kas. 55 ; *Haxtun v. Sizer*, 23 id. 310 ; *Wolf v. Hahn*, 28 id. 588.) The defendant, in his answer, says :

" That he is the duly-elected and qualified sheriff of

Hamilton county, state of Kansas, and has been such sheriff ever since the 8th day of January, 1888; that on the 12th day of January, 1888, he received the writ of execution issued to him. . . . in favor of M. F. Stafford *v*. Sam. H. Carr for the sum of $200, and $5 as cost of suit, and that by virtue of said writ of execution he levied upon the piano described in said petition as the property of Sam. H. Carr."

` This answer was afterward withdrawn by leave of the court, but the admission made by the answer would have the same effect as though the answer was still a part of the pleadings in the case. A party having once solemnly admitted a fact and made it a part of the record by his pleadings, cannot after such admission, by merely withdrawing the paper containing the admission from the files of the court, deny such admission, but is estopped thereby. When the defendant levied on the property, he seized it and took it into custody to satisfy the writ of execution he then held against Samuel H. Carr. Section 448, chapter 80, General Statutes of 1889, provides: "The officer to whom a writ of execution is delivered shall proceed immediately to levy the same upon the goods and chattels of the debtor; . . ." "To levy means to seize property, real or personal, or subject it to the satisfaction of an execution." "To levy on goods and chattels, to take into custody or seize specific property in satisfaction of a writ."—*Webster*. Bouvier says: "In order to make a valid levy on personal property, the sheriff must have it within his power and control."

Under the findings of fact by the court and the admitted facts by the defendant, the court should have rendered a judgment on the motion of plaintiff against the defendant for a recovery of the possession of the property, and if a return thereof could not have been

had, judgment against defendant for $300, the value of said piano as set forth in plaintiff's petition, the court having found as a fact that the piano was of the actual value of $375, and for costs of suit.   The gist of the action in replevin is the wrongful detention of personal property of another.   The court having found that the plaintiff was the owner of the property at the commencement of the action, and the defendant having denied ownership and having sought to justify his seizure of the property under an execution against another party, who had no property in or right of possession in the piano, rendered the possession of the defendant wrongful.

The judgment of the district court is reversed, and the court directed to render judgment against defendant for a recovery of the possession of the piano described in plaintiff's petition, and if a return thereof cannot be had, a judgment against the defendant for its value, to wit, the sum of $300, with 6 per cent. interest thereon from January 12, 1888, to the time of rendition of judgment, and costs of suit.

All the Judges concurring.