JOHN O'LOUGHLIN AND C. O. CHAPMAN v. SALLIE H. CARR.

No. 324. (60 Pac. 478.)

1. ACTION ON REDELIVERY BOND—*Petition.* The petition examined, and held not demurrable.

2. ———— *Sureties—Defense—Judgment in Replevin Action.* "Where the court rendered judgment in a replevin action in favor of the plaintiff, expressly finding all the issues in his favor, and especially finding that at the commencement of the action the plaintiff was entitled to the immediate possession of the property; that the same was unlawfully detained by the defendant; and the court adjudged that the plaintiff recover said property of the defendant, with costs and damages: *Held,* that in an action upon the redelivery bond the sureties are bound by the judgment in the replevin suit." (*Kennedy v. Brown,* 21 Kan. 171.)

Error from Kearny district court; WM. EASTON HUTCHISON, judge. Opinion filed March 20, 1900. Affirmed.

*Albert Hoskinson*, and *H. F. Mason*, for plaintiffs in error.

*Milton Brown*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The defendant in error brought this action upon a redelivery bond given by the plaintiffs in error and M. L. Stafford in a replevin action in the district court of Hamilton county, in which the defendant in error was plaintiff, and A. M. Huffman, as sheriff of that county, was defendant. The property involved in the last-named action was a piano, which had been levied upon by the said sheriff under an execution based on a judgment entered in said court in favor of said M. L. Stafford against Sam. H. Carr, the husband of the defendant in error. The seizure under the execution, the taking under the order of delivery and the return to the defendant Huffman under the redelivery bond all occurred in Kearny county, then attached, by virtue of chapter 132, Laws of 1887, to Hamilton county for judicial purposes. In the replevin action, Huffman's motion to quash and set aside the order of delivery was sustained by the district court, and the action of the trial court in setting aside this order was reversed in the case of *Carr v. Huffman*, 47 Kan. 188, 27 Pac. 827. In the meantime the replevin action was tried on its merits, resulting in a judgment in favor of Huffman for costs. Proceedings in error were taken, and the judgment was afterward reversed by this court, and the case

remanded to the district court of Hamilton county, with a direction that judgment be entered in favor of Mrs. Carr for the return of the piano, and for its value in case a return could not be had. (*Carr v. Huffman*, 1 Kan. App. 713, 41 Pac. 982.) Thereafter the present action was begun on the redelivery bond. The bond purports to have been given in Hamilton county, and the obligors, both in the bond and in the oath thereto, state that they are residents of Hamilton county. The bond also recites that the property was returned to the defendant.

The principal defense was that the order of delivery in the replevin action was issued by the clerk of the district court of Hamilton county and directed to the coroner of said county, while the piano was seized by the coroner in Kearny county, which formed no part of Hamilton county for judicial purposes, chapter 132, Laws of 1887, which purported to attach Kearny county to Hamilton county for judicial purposes, being unconstitutional and void. Judgment was rendered in favor of Mrs. Carr in the sum of $553.32, with interest. A part only of the specifications of error require particular mention.

*First.* It is claimed that the demurrer to the petition should have been sustained for the reason that it contained no allegation that an affidavit was filed in the replevin action prior to the issuance of the order of delivery. The allegation was unnecessary. It was sufficient to allege the rendition of the judgment. (*Rheinhart v. State*, 14 Kan. 318; 11 Encyc. Pl. & Pr. 1130.)

*Second.* It is contended that the petition was demurrable for the further reason that it did not allege that the piano was returned to the defendant upon the execution of the redelivery bond. The contention

must be overruled, since the bond itself, which is made a part of the petition, states that the property was so returned.

*Third.* It is further contended that the finding of fact that the piano was returned to Huffman is not supported by the evidence.   There is testimony that it was returned to his deputy, and that with knowledge of such fact Huffman stated that it "was all right."

*Fourth.* It is claimed that the taking of the piano under the order of delivery and the reception and approval of the redelivery bond were void acts on the part of the coroner of Hamilton county, and that the defendants below are not liable on the bond, the same being void.   This claim is based on the decision in *Railroad Co.* v. *Kearny County,* 58 Kan. 19, 48 Pac. 583, holding said chapter 132 to be unconstitutional and void.

On the other hand, it is contended that the judgment in the replevin action estops the plaintiffs in error from making this defense.   It is pointed out that the replevin case received consideration in the supreme court and in the court of appeals, and that in neither of the said courts nor in the district court, during the long-drawn-out litigation, was this jurisdictional question raised.   We think the last-named contention is correct.   In the case of *Magruder v. Marshall,* 1 Blackf. (Ind.) 333, which was an action upon a replevin bond, it was held that the defendant who had availed himself of its benefits by obtaining property under it could not defeat his liability by a plea that the law involved was unconstitutional.   The case of *Kennedy v. Brown,* 21 Kan. 171, appears to us decisive of the present controversy.   The second paragraph of the syllabus reads :

"Where the court rendered judgment in a replevin

action in favor of the plaintiff, expressly finding all the issues in his favor, and especially finding that at the commencement of the action the plaintiff was entitled to the immediate possession of the property; that the same was unlawfully detained by the defendant; and the court adjudged that the plaintiff recover said property of the defendant, with costs and damages: *Held*, that in an action upon the redelivery bond the sureties are bound by the judgment in the replevin suit."

There the sureties, for a defense, had offered to prove that the property replevied was not and since the commencement of the action had not been in the county in which the action was brought; that the order of delivery was not actually served by the sheriff of that county or any other officer; that the sheriff never took the property into his possession; and that he did not deliver the property to the defendant or to any person for him upon the execution of the redelivery bond. The trial court refused to receive this testimony, and the supreme court held that there was no error in such refusal and that the proposed testimony was immaterial and constituted no defense for any of the parties in the action. On this point the court said:

"Wherever the surety has contracted in reference to the conduct of his principal in a suit or proceeding in the courts, he is concluded by the judgment, in the absence of fraud or collusion between the prosecuting party and him whom they are bound for. In this case the sureties agreed, under the penalty of $6000, that Kennedy would deliver to Brown the property in dispute in the action of Brown and Kennedy, then pending in the district court of Wilson county, if such delivery was adjudged; and they further agreed that Kennedy would pay all the costs and damages in that action that might be awarded against him.

"The action in which the undertaking was given was duly tried, the delivery of the cattle was adjudged

to Brown, and costs and damages awarded against Kennedy. Now, in an action on this undertaking, the sureties, by signing the same, assumed such a connection with the original action that they are concluded by the judgment in it, so far as the same issues were involved. They could no more prove in their defense that the cattle had never been in the possession of Kennedy than they could have introduced evidence showing Kennedy was the owner thereof, and that the judgment in the replevin action ought to have been for him instead of Brown.''

Under the foregoing decision it would seem that this defense could not properly have been made, and that it is not meritorious.

Other matters discussed by counsel have received proper consideration, but nothing appears warranting a reversal of the judgment, and it will accordingly be affirmed.