## SNYDER et al. v. CHARLES LEVINE, Inc.

No. 6305.

United States Court of Appeals for the District of Columbia.

Argued May 6, 1935.

Decided Nov. 4, 1935.

Rehearing Denied Nov. 27, 1935.

Leslie C. Garnett, John J. Wilson, and Frank H. Myers, all of Washington, D. C., for plaintiffs in error.

Alfred M. Schwartz, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case comes here on writ of error to the municipal court to review a judgment entered against plaintiffs in error in the sum of $80. At the time of the transaction in question, plaintiff in error Snyder was United States marshal for the District of Columbia, and the Indemnity Insurance Company of North America was surety upon his official bond. The present suit was brought by defendant in error to recover damages alleged to have been suffered when one of the marshal's deputies in executing a writ of fieri facias issued upon a municipal court judgment against Charles Levine and Ethel Levine, individuals, seized goods and chattels alleged to have belonged at the time to the defendant in error.

Defendant in error gave notice to the marshal that the goods levied upon belonged to it, whereupon the marshal notified the judgment-plaintiff to appear and try the right of property in the seized goods. On hearing the court decided the claim to the goods in favor of the defendant in error. Neither of the plaintiffs in error were present or represented at the trial of the right of property. When the court found that defendant in error was entitled to the property, the marshal promptly released it.

This suit was then brought to recover damages claimed to be due as a result of the marshal's levy and detention of the property. In the trial the marshal sought to prove that the title acquired by the defendant in error from Charles Levine and Ethel Levine was fraudulent and void, and that the property levied upon was in truth and in fact owned by the Levines; that the bill of sale executed to transfer the business to the defendant in error was made to defraud the attaching creditor. The trial court refused to admit evidence on this point on the ground that the judgment returned in the trial of the right of property proceeding was res judicata upon plaintiffs in error. The court accordingly struck out the evidence touching the fraudulent conveyance and entered judgment for the plaintiff.

The sole question involved is whether or not the court below erred in treating the finding in favor of defendant in error, in the trial of the right of property, as res judicata upon the United States marshal and his surety in a subsequent suit against them by plaintiff to recover damages for seizure of the property. The statutory provision respecting the trial of the right of attached property is found in sections 234, 235, and 236 of title 18 of the 1929 D. C. Code. Section 234 provides: "When personal property taken on execution or other process issued by the municipal court is claimed by a person other than the defendant therein, or is claimed by the defendant to be property exempt from execution, and such claimant shall give notice, in writing, to the marshal of his claim, or the defendant shall give notice, in writing, that the property is exempt, the marshal shall notify the plaintiff of such claim and return said notice to the court, and a trial of said right of property, or said question of exemption, shall be had before said court." The manner of docketing and trial and the judgment to be entered therein are set forth in sections 235 and 236.

As we have observed, the marshal followed the directions of the statute and returned the notice to the court for the proceedings thereafter had on the right to the attached property. Our statutory procedure has been clearly defined in the case of Bond v. Carter Hardware Company, 15 App.D.C. 72, as follows: "The notice of claim of property given to the constable, as required, may in a certain sense, and for certain purposes, after the justice is notified by the constable and the former has entered the claim upon his docket, to be tried, be regarded as a suit or action. But it clearly can not be regarded as a suit that shall not be commenced before a justice of the peace without first giving security for costs. After the claimant has given the notice of claim to the constable the latter, being the party that can only proceed at his peril, then becomes the active party in bringing the plaintiff and claimant before the justice for the trial of the right of property; and until this is done and the right of property determined, the hands of the constable are stayed and the levy made by him is suspended. Hence the statute has provided that the constable shall notify the plaintiff of the claim, and also notify both plaintiff and the claimant before what justice, and at what time and place a trial of the right of property shall be had. The statute is mainly intended, by summary means, to indemnify and save harmless the officer charged with the execution of the

writ or process, and to protect the plaintiff who may direct the levy upon or seizure of the property, and also to uphold and maintain the power and jurisdiction of the justice, in making his process effective, but at the same time to avoid doing injury to third persons. * * * Under this statute many decisions have been made, but in none of them do we find it suggested that the proceeding authorized and directed by the statute was to be regarded as an ordinary suit or action instituted by the claimant of the property against either the plaintiff in the execution, or the officer making the levy. The proceeding, upon the application of the officer, is treated as in the nature of an interpleader, as between the parties; and hence the act is called an interpleader act."

It is clear that the object of the trial of the right of property is to determine by a summary proceeding between the time of the levy of an execution and the sale of the property whether the marshal should sell or return the seized chattels. It is an intervening remedy to avoid injury to third persons and to enable persons deprived of possession of a simple and speedy remedy of regaining possession. However conclusive a judgment of this kind may be as between the claimant and the judgment creditor, it cannot be held to have any conclusive or binding effect upon the marshal or the judgment debtor. As was said in Sponenbarger v. Lemert, 23 Kan. 55, 63, "This kind of suit is a summary proceeding before a justice of the peace for the trial of the right to property which may amount in value to several hundreds or even thousands of dollars, and neither the judgment debtor (the supposed owner of the property) nor the constable who has seized it is made a party to the action, but the proceeding is had merely between the claimant and the judgment creditor."

We are of the opinion that the court was in error in holding the judgment as to the right of property res judicata upon the marshal and his surety. They were not parties to the action, and regardless of the judgment entered therein the marshal and his surety may defend in an action for damages on the ground of a fraudulent transfer of the property, to avoid execution, prior to the levy made by the marshal thereon. The only ground upon which the action for damages can be founded is upon the wrongful levy made by the marshal, hence a fraudulent transfer, to avoid execution, becomes a most important element of defense for the marshal and his bondsman.

The judgment is reversed with costs.