*H. S. Kelly*, for the appellee.

---

REASOR and Another *v.* RANEY.

APPEAL from the *Floyd* Circuit Court.

*Per Curiam.*—This was a suit by *Raney* upon a judgment by him theretofore recovered against *Reasor*, in the same Court.

A demurrer to the complaint was overruled, and upon this ruling the only question in the case arises.

The record of the former judgment, which is the foundation of the action, is not made a part of the complaint.

If the suit had been upon the judgment of another Court, without doubt a transcript of the record, which was the foundation of the suit, should have been filed with the complaint.

Does the fact that the suit was upon a record and judgment of the same Court, dispense with that necessity?

In the case of *Votaw* v. *The State*, 12 Ind. R. 497, this Court held that a recognizance fell within the statutory provision which requires that where a written instrument is the foundation of an action, either the original or a copy thereof shall be filed with the complaint. We see no

May Term, 1860.

reason why a record of a judgment should not also be included within the same rule. Certainly, a Court ought not to be required to search its records to ascertain, in the first instance, whether such a record exists in a form that would make it the foundation of an action.

The demurrer should have been sustained.

The judgment is reversed with costs. Cause remanded, &c.

*T. L. Smith* and *M. C. Kerr*, for the appellants.

*W. T. Otto* and *J. S. Davis*, for the appellee.