Nov. Term, 1860.

Norris v. Amos.

---

Norris v. Amos.

A plea of former recovery is bad, unless the record of the former suit be made a part of the plea.

Under a plea of general denial, a record of a former recovery is not admissible as evidence, under 2 R. S., § 91, p. 45, unless proof of such former suit be necessary under the averments of the complaint.

Costs can not be taxed against the plaintiff, on motion, on the ground that his cause of action might have been pleaded by him as a counter-claim to an action previously brought against him by the defendant; such facts must be pleaded, and a record of the former suit set out.

APPEAL from the *Rush* Common Pleas.

HANNA, J.—*Amos* sued *Norris*, averring a breach of warranty, &c., of, and fraudulent representations as to, a horse purchased, &c.

*Norris* answered, in two paragraphs, that he had theretofore, &c., sued *Amos* for the price of the horse and recovered judgment; that the then defendant had set up fraud and a warranty, &c., in defense, and that this is the same transaction, &c. In the third paragraph he answered, that as to the costs of this suit, &c., he, *Norris*, had theretofore sued and recovered judgment for the price of the horse, and that said *Amos* was personally served, &c., and might have set up the cause of action herein as a defense, &c.

Demurrers were sustained to each paragraph of the answer. The record of the former suit was not made a part of the answer, although it was founded thereon, and therefore the ruling was right. 2 R. S., § 78, p. 44.

*Friday,*
*December 14.*

The defendant then pleaded a general denial, and, upon the trial, offered the record of the former suit in evidence. Upon objection the evidence was rejected. Was the evidence admissible under the general denial? Under the old practice the evidence would have been admissible under the general issue. 1 Greenl. Ev. § 531.

The statute now is, that, "Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." 2 R. S., § 91, p. 45.

Under the averments in the complaint herein, no proof was necessary as to the former suit, or the estoppel arising out of it. The evidence was not admissible under the general denial, for the purpose of establishing such estoppel. After the return of the verdict, and a motion for a new trial had been overruled, the defendant filed a written motion to tax the costs against the plaintiff, for the reason that the cause of action herein was a counter-claim, arising out of the cause of action in the former suit, and should have been pleaded thereto, &c.

The evidence received, and that offered and rejected by the Court, is in the record. It is insisted that, upon this motion, it was proper for the Court to have considered all that evidence. So far as the record shows, the motion should not have been granted. Admitting that the cause of action herein was a proper foundation for a counter-claim in the former suit, a question we need not decide, but see *Gray* v. *Rich*, 10 Ind. 430; and if not set up, the party failing in that respect, should pay the costs of the second suit, 2 R. S., § 60, p. 41; still, we think the facts should have been pleaded, setting forth the record of that suit, either as to the whole, or a part, of the cause of action, or as to the costs; as the defendant might choose to defend. This would be necessary to enable the opposite party to tender an issue, if he desired, as to the facts, or any part of them, so set up: for we do not see but that either party might claim a jury trial to determine the issues that should be so made as to identity, and other matters involved.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

L. *Sexton*, for appellant.

G. C. *Clark* and P. A. *Hackleman*, for appellees.