WILLIAMSON *v.* FOREMAN and Others.

PLEADING—WRITTEN INSTRUMENTS.—Where a pleading is founded on a written instrument, and the original or a copy is not filed, the defect may be reached by demurrer.

SAME—FORMER ADJUDICATION.—An answer setting up a former adjudication must be accompanied by a complete record of all the pleadings and proceedings of the case in which it is founded.

APPEAL from the *Knox* Common Pleas.

ELLIOTT, J.—Suit by *Williamson* on an account assigned to him by one *Alfred Elliott* against *George Foreman, Gabriel Foreman, Columbus Foreman,* and *Ferdinand Foreman,* partners trading, etc., in the name of *George Foreman & Co. Elliott* was also made a party defendant to answer as to his interest in the account sued on. There were issues of fact; jury trial; verdict and judgment for the plaintiff for $1. The plaintiff appeals.

The only error assigned, is the overruling of a demurrer to the fourth paragraph of the answer by the court below. That paragraph of the answer is pleaded by the defendants, *Foreman,* and alleges that on the 22nd day of *August,* 1860, in a suit then pending in the *Knox* Circuit Court, and then tried and determined, in which *Gabriel Foreman,* assignee of *G. Foreman* and *G. W. Foreman & Co.,* was plaintiff, and the defendant *Elliott* and *George W. Foreman* were defendants, the matters and things in plaintiff's complaint, and the several items of the plaintiff's bill of particulars, now by the plaintiff pleaded, by way of set-off to the plain-

tiff's complaint, were then and there fully adjudicated, heard, and determined, and the plaintiff in said action then and there, by the judgment of said court, recovered against said defendants, which said judgment remains in full force, etc., " a copy of which is filed herewith; wherefore," etc.

The copy of the record filed with the answer is as follows:

" *Gabriel Foreman* v. *Alfred Elliott.* Now came the parties, by their attorneys, and the court, being sufficiently advised, overruled the motion for a new trial; to which ruling of the court, in overruling the motion of a new trial, the defendant at the time excepts. And thereupon the defendant moves the court to arrest the judgment on the verdict of the jury, which motion was also overruled by the court, and to the ruling of the court, in overruling the motion in arrest of judgment, the defendant excepts. It is, therefore, on motion, ordered, adjudged, and decreed by the court that the plaintiff recover of the defendant the sum of $182, as also the costs and charges herein, amounting to the sum of $——"

There is no certificate of the clerk attested.

The answer attempts to set up in bar of the action, that the subject-matter thereof had been fully litigated in a prior suit in the *Knox* Circuit Court; it is founded on the record of that suit, and therefore a copy of such record should be made part of the answer. Sec. 78, 2 G. & H. 104; *Norris* v. *Amos,* 15 Ind. 365; *Ringle* v. *Western,* at this term

The defect may be reached by demurrer. *The Peoria Marine and Fire Insurance Company* v. *Walser,* 22 Ind. 73, and authorities there cited.

The paragraph of the answer under consideration is clearly bad. Aside from any question that may arise as to whether the suit in the Circuit Court was between the same parties or privies, or as to the want of sufficient identification in the complaint of the paper produced as a copy of the record, under the ruling in the case of *The*

*Peoria Marine Fire Insurance Company* v. *Walser, supra;* it is bad, because it should have been· accompanied with a complete record of all the pleadings and proceedings in the case upon which it is founded, and especially. of the alleged set-off or defense in that case, which is claimed. to have embraced the same matters now sued on. *Ashley* v. *Laird and Another*, 14 Ind. 222.

The demurrer should have. been sustained.

Judgment reversed with costs; cause remanded for further proceedings not inconsistent herewith.

*J. C. Denny*, for appellant: