WYANT ET AL. *v.* WYANT ET AL., Adm'rs.

JUDGMENT.—*Revivor.*—Although our statute renders it unnecessary to revive a judgment in favor of a deceased person before execution can issue, yet it does not take away the right to have such judgment revived.

PLEADING.—*Letters of Administration.*—In a suit by an administrator, letters of administration need not be set out to show the right of the plaintiff to sue.

SAME.—*Judgment.—Copy.*—A judgment which is the foundation of an action or defence need not be set out, nor any part thereof, in the pleading.

APPEAL from the Hamilton Common Pleas.

WORDEN, C. J.—At the January term, 1870, of the court of common pleas of Hamilton county, Jacob Wyant, as the guardian of Prudence Wyant, recovered a judgment in that court against Henry Wyant and Emanuel Wolfgang for a little over three hundred dollars and costs. Afterward, the said Prudence having arrived at the age of twenty-one years, and having intermarried with one Andrew Pottorff, the said Jacob Wyant made a full and final settlement with his said ward, and took from her and her husband an assignment of whatever interest she had in the judgment, which remains unpaid. Jacob Wyant having died, this action is brought by his administrator and administratrix to revive the judgment. A demurrer to the complaint alleging the above facts was overruled, and the defendants excepted. Final judgment of revivor, but at the costs of the plaintiffs.

The defendants below appeal, and claim that the demurrer to the complaint should have been sustained, mainly on the ground that the judgment need not have been revived in order that execution might have issued thereon.

Whatever interest, if any, the ward had in the judgment, passed to Jacob Wyant by the assignment, and execution could have issued thereon for his use. 2 G. & H. 366.

At common law, where a sole plaintiff dies after final judgment and before execution, though the death occur within a year from the rendition of the judgment, his personal representatives cannot have execution without reviving the judgment. 1 Wms. Ex'rs, 806. Our statute, however,

has made such revivor unnecessary.  2 G. & H. 528, sec. 155.

Although by the terms of the statute above cited, it would seem to be unnecessary to revive any judgment in favor of a deceased person before execution can issue, still express provision is made for such revivor before justices of the peace. 2 G. & H. 610, sec. 120.

We are inclined to the opinion that the statute making such revivor unnecessary does not take away the common law right of having judgments, in such cases, revived.  It is objected that the plaintiffs' letters of administration are not set out, showing their right to sue, etc.  This was not necessary.  2 G. & H. 527, sec. 152.

Again, it is objected that the entire record of the judgment recovered is not set out.  It has recently been held that a judgment is not a "written instrument," within the meaning of the statute requiring a copy to be set out where it is the foundation of an action or defence.  *Lytle* v. *Lytle*, 37 Ind. 28.  No part of the record need have been set out; and hence the objection urged cannot prevail.

The judgment below is affirmed, with costs.

*A. F. Shirts*, for appellants.

