## HINKLE *v*. REID.

PLEADING.—*Judgment.*—Where a judgment is the foundation of an action, a copy of it need not be filed with the complaint.

PARTNERSHIP.—*Agreement Between Partners.*—Two partners, being indebted, dissolved the partnership, and, by agreement, one received all the assets and was to pay all the debts; and he *failing to pay, the other was compelled by* legal proceedings to do so.

*Held,* that the latter could recover from the former the amount so paid.

From the Sullivan Circuit Court.

*S. Coulson* and *J. M. Hanna,* for appellant.

*J. T. Gunn, N. G. Buff, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.

OSBORN, J.—This was an action instituted by the appellee against the appellant. It is alleged in the complaint that the parties to the action, on the 1st day of November, 1865, entered into partnership in the practice of medicine, and in the business of buying and selling drugs at retail; that on the 1st day of August, 1867, the partnership was by mutual consent dissolved; that in consequence of being unable to settle their partnership affairs in a satisfactory manner to both parties, the appellant commenced an action against the appellee to settle the partnership accounts and matters in controversy; that it was alleged in the complaint in that action, among other things, that the appellee had borrowed of John Pinkston two hundred and twenty-four dollars; that the appellant had signed the note for the sum so borrowed as surety; that it was borrowed entirely for, and applied solely to, the use of the appellee; that the appellee since the dissolution had refused to pay the note, alleging that it was a partnership debt; that he had no other means than his interest in the assets of the partnership, and if that was squandered the appellant would be without remedy to secure the amount due him from the partnership assets, then in the hands of the appellee; that he prayed for judgment for two thousand five hundred dollars, and that the appellee

should be required to pay the partnership debts, or place money or property in the hands of the appellant sufficient to pay those debts or indemnify him against loss in that amount if he should pay the same, and that the appellee should pay or release the appellant from any liability in consequence of having signed the note to Pinkston as surety, and for other relief. It further alleges that at the September term of that court, 1867, such proceedings were had in the action that Samuel Wall was appointed receiver to take into his possession the notes and accounts due the firm, to collect and report to the court, and the cause was continued; that the receiver did take possession of the property of the firm, under the order and appointment of the court; that afterward, at the November special term of the court, 1868, after evidence had been given that Pinkston had loaned the money to the firm, judgment was rendered in the action, wherein, after reciting that the amount due to the appellant from the firm and the appellee, and to others from the firm, and the costs of that action, was about equal to the assets of the firm undisposed of and unappropriated, and for the purpose of settling the action and the affairs of the partnership, the appellant had proposed to take the assets then in the hands of the receiver, Wall, and pay all the debts of the firm and of the appellee to the appellant and hold the appellee harmless therefrom, and that the appellee accepted that proposition, it was, therefore, ordered that the receiver should turn over the remainder of the assets in his hands belonging to the firm, to the appellant. It further alleges that Wall, in pursuance of the judgment, turned over and paid to the appellant in notes and cash the sum of $1,576.44; that notwithstanding the agreement of the appellant and the judgment thereon, and in violation thereof, he has wholly failed and refused to pay the debt due to Pinkston; that at the March term of the same court, 1870, Pinkston recovered a judgment thereon against the appellant and appellee for $275.25; that in the action the court adjudged on the question of the suretyship, raised by the appellant in his cross

complaint against the appellee filed therein, and found that he did not sign it as such surety, and that the debt was a partnership debt, and rendered judgment accordingly; that an execution issued on the judgment to the sheriff who threatened to levy the same on his property; that the appellant refused to pay the judgment, and that the appellee under compulsion paid the sheriff on the execution $149.68; a copy of the judgment was filed, but not a transcript of all the proceedings in the cause referred to in the complaint.

There was a second paragraph, alleging that the appellant was indebted to him in the sum of two hundred and six dollars for money had and received by him for the use of the appellee, and a refusal to pay. There was a prayer for judgment on both paragraphs.

The appellant filed a demurrer to the whole complaint, and for cause assigned the following: " The first paragraph of plaintiff's said complaint does not state facts sufficient to constitute a cause of action." The demurrer was overruled, and the appellant excepted. The cause was submitted to the court and a finding and judgment rendered against the appellant for $149.68 and costs.

The errors assigned bring before the court the sufficiency of the complaint, whether the demurrer was good or bad.

The appellant relies upon the rulings in *Reasor* v. *Raney,* 14 Ind. 441, *Norris* v. *Amos,* 15 Ind. 365, and others following them. Those cases were overruled in *Lytle* v. *Lytle,* 37 Ind. 281, and that case has been followed in *Wyant* v. *Wyant,* 38 Ind. 48, and others. So that, although a judgment is the foundation of an action, a copy of it need not be filed with the complaint.

In the case at bar the allegations in the complaint show that the appellant had instituted an action against the appellee, and on his motion a receiver had been appointed to take possession of the partnership effects of the parties. Afterward he proposed to take all the property from the receiver and pay off all the debts of the firm; that proposition was assented to by the appellee, and judgment was entered

accordingly. In pursuance of the agreement and judgment, the appellant took from the receiver all of the firm property, consisting of money and notes. He failed to pay all the firm debts, and the appellee has been compelled by judgment and execution to pay a portion of such debts. It is difficult to understand upon what grounds he can resist a demand to refund the amount thus paid. The amount of the partnership property was about equal to the liabilities of the firm. He proposed to take it and pay those liabilities. The appellee accepted his proposition, and with the assent of both, it was sanctioned by the judgment of the court. He afterward recognized it and took the property and has received the full benefit of it.

The complaint was good, and the court committed no error in rendering judgment upon it.

The judgment of the said Sullivan Circuit Court is affirmed, with costs.