## MULL *v.* McKNIGHT.

67   525
154   448

FORMER ADJUDICATION.—*Copy of Judgment need not be Pleaded.*—*Answer.*
—*Slander.*—An answer of former adjudication, in an action for slander,
need not set out a copy of the judgment relied on to establish such plea.
Nor need such answer allege that such judgment remains in full force, un-
appealed from and unreversed.

SAME.—*Reply.*—The reversal of the judgment so pleaded should be replied.

JUDGMENT.—*Effect of Appeal from.*—The fact that a judgment has been
appealed from does not destroy its validity.

From the Washington Circuit Court.

*H. Heffren* and *S. B. Voyles,* for appellant.

*A. B. Collins,* for appellee.

NIBLACK, J.—William Mull commenced this action in
the court below, against Thomas McKnight, for slander.

The complaint was in three paragraphs.

The defendant answered separately to each paragraph :

1.  In general denial;

2.  In justification; and,

3.  A former adjudication.

The plaintiff demurred severally to the third para-
graphs of the answers to the first and second paragraphs
of the complaint, respectively, but his demurrer was over-
ruled.

Issue being joined, there was a trial, a verdict for the
defendant, a motion for a new trial and judgment for the
defendant upon the verdict.

The plaintiff has appealed, and assigned error upon the
overruling of his demurrer to each of the third par-
agraphs of the answers to the first and second para-
graphs of the complaint, as above stated, and upon the
refusal of the court to grant him a new trial.

Counsel for the appellant, in their supplemental brief,
say, in effect, that the only questions urged by them for
decision are :

1st.   Were the paragraphs of answer alleging a former

adjudication, and demurred to as above, insufficient because a copy of the judgment set up by those paragraphs respectively was not filed with them?

2d. Were those paragraphs bad because they did not aver that the judgment set up by them remained unreversed and unappealed from?

In the case of *Williamson* v. *Foreman*, 23 Ind. 540, cited by counsel, it was held that an answer setting up a former adjudication must be accompanied by a complete record of the proceedings and judgment in the cause constituting the supposed former adjudication, but that case, as to the rule of practice thus recognized by it, has been since impliedly overruled by the case of *Lytle* v. *Lytle*, 37 Ind. 281, and other subsequent cases; so that it is now a well settled rule of practice in this State, that a judgment does not constitute a "written instrument," within the meaning of section 78 of the code requiring written instruments, or copies of them, to be filed with pleadings founded on such instruments. *Campbell* v. *Cross*, 39 Ind. 155; *Hinkle* v. *Reid*, 43 Ind. 390; *Parsons* v. *Milford*, *ante*, p. 489.

In the comparatively recent case of *Davenport* v. *Barnett*, 51 Ind. 329, it was expressly decided, that, in pleading a former adjudication, it was not necessary to file a copy of the judgment relied on with the answer, and such is still our construction of section 78 of the code, *supra*.

Most of the cases cited by counsel for appellant have reference to paper writings which are recognized as "written instruments," within the meaning of the code, and not to proceedings of courts, or of other public tribunals, and hence have no applicability to the case in hearing.

As regards filing a copy of the judgment set up by the answer, this case has no analogy to proceedings to review a judgment.

Proceedings for a review are, in many respects, in the nature of an appeal from the judgment sought to be reviewed. *Hardy* v. *Chipman*, 54 Ind. 591.

Hence not only the propriety, but the necessity, of requiring a copy of the judgment, and all the accompanying proceedings sought to be reviewed, to be presented with the complaint, for the inspection of the court.

This requirement, that a copy of the former proceedings shall accompany a complaint for the review of a judgment, comes to us as an old and continuously recognized rule of chancery practice and not from any express provision of our present code of civil procedure. Story Eq. Pl., secs. 403, 407.

In pleading a judgment, it need not be averred that the judgment remains unreversed or unappealed from. In the first place, an appeal merely may suspend, but does not destroy, the validity of the judgment appealed from. *Randles* v. *Randles*, *ante*, p. 434. If the judgment has been in fact reversed, that is a matter to be set up in defence to the pleading which alleges its existence. *Campbell* v. *Cross*, *supra*; *Green* v. *Raftes*. *ante*, p. 49.

No question was reserved on the sufficiency of the third paragraph of the answer to the third paragraph of the complaint, but that paragraph was, in all respects, similar to the two paragraphs of answer which we have considered as above, and stands on the same footing with them as to the question of its supposed sufficiency.

Regarding the error assigned upon the refusal of the court to grant a new trial as practically waived, we have not fully considered whether that error was well assigned, but nothing has been suggested tending to lead us to the conclusion that it was.

The judgment is affirmed, at the costs of the appellant.