No. 7173.

### RYNEARSON v. PARKHURST.

RES ADJUDICATA.—*Answer.*—An answer of *res adjudicata* averring that in a former action, giving time and place, between the identical parties to this suit, in a court having jurisdiction of the persons and subject-matter of the action, the identical claims of " the said defendant P. against the defendant R. were tried and determined, and all matters of difference fully tried and adjudicated, and judgment rendered thereon in favor of this defendant in the sum," etc., sufficiently shows that the same matter had been theretofore adjudicated and is good on demurrer.

From the Cass Circuit Court.

*D. B. McConnell* and *R. B. Stinson,* for appellant.
*S. T. McConnell,* for appellee.

FRANKLIN, C.—Appellant sued appellee in the Cass Circuit Court. The complaint is not in the record, and we are unadvised as to its precise nature. The defendant filed a set-off; and in November, 1874, the plaintiff dismissed his cause of action, and was ruled to answer the defendant's set-off, which answer he filed, consisting of four paragraphs: 1st. A denial. 2d. Payment. 3d. *Res adjudicata.* 4th. Set-off. A demurrer was sustained to the third paragraph of the answer, and a reply in denial filed.

There was a trial by the court and a finding for the defendant in the sum of $833.28, and over a motion for a new trial judgment was rendered upon the finding. The errors assigned are:

1st. Sustaining the demurrer to the third paragraph of the answer.

2d. Overruling the motion for a new trial.

3d. Overruling the motion in arrest of judgment.

The objection to the third paragraph of the answer is that it does not sufficiently aver that the same matters contained in the defendant's set-off had been previously adjudicated. This paragraph reads as follows:

"3d. For other and further paragraph of answer to said complaint the defendant says, that heretofore, to wit, on or about the 4th day of June, 1873, in the Knox Circuit Court, in and for the county of Knox, in the State of Illinois, at the February term of said court, began and held at the court-house of said county, in an action between the identical parties to this suit, entitled, 'In the matter of James B. Rynearson, plaintiff, *vs.* A. N. Parkhurst, defendant,' in which the said court had jurisdiction of the persons of the parties and the subject-matter of the suit, · the identical claims of the said defendant Parkhurst against the defendant Rynearson, were tried and determined by said court, and all matters of difference

between them fully tried and adjudicated, and judgment rendered thereon in favor of this defendant James B. Rynearson in the sum of $256. And the defendant avers that there is now due him from the defendant Parkhurst on said judgment the sum of $256 principal, and $100 as interest."

Taking all this paragraph of answer together there can be very little doubt of the pleader's intention to allege that the matters and things herein contained in the defendant's set-off had been adjudicated in the previous suit referred to, and we think the language used will bear that construction. "The identical claims of the said defendant Parkhurst against the defendant Rynearson were tried and determined by said court," could only mean the claims that were then in controversy and claimed by the defendant in his set-off.

We think this paragraph of the answer stated facts sufficient to constitute a good defence to the defendant's set-off, and that the court erred in sustaining the demurrer to it.

Appellant, in his brief, does not refer to the third specification of error, and it is therefore waived. As to the motion for a new trial, he only discusses that upon the weight of the evidence. There was evidence tending to support the verdict, and the judgment can not be reversed upon the evidence, but must be for the error in sustaining the demurrer to the third paragraph of the answer.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs; and that the cause be remanded, with instructions to the court below to overrule the demurrer to the third paragraph of the answer, and for further proceedings.