Filed February 14, 1893.

———————◆———————

No. 16,464.

Gilmore v. McClure, Administrator.

133  571
134  621
135  392
135  570

133  571
156  570

133  571
160   95

133  571
162    8

Former Adjudication.—*Judgment.*—*As to What Matters and Parties it Operates as Such.*—A judgment is conclusive against all parties to the same, and those claiming under them, as to all matters which were, or might have been, litigated in the action.

Practice. — *Answer.* — *Reply.* — *Demurrer.* — *Former Adjudication.* — *Admission.*—Where an answer setting up a former adjudication is sufficient on its face, but is in fact untrue, such fact should be put in issue by a reply thereto, for if a demurrer be filed to such answer admitting the truth of the allegations therein, such former adjudication will operate as a bar to the pending action.

Same.—*Fraud.*—*Effect on Rights of Parties.*—*Defendant Should Plead all Defenses.*—*Bar to Action.*—The existence of fraud on the part of the plaintiff will not excuse the defendant from pleading all the defenses which he may have to the complaint, and against which a judgment thereon will operate as a bar to another action.

From the Knox Circuit Court.

*W. H. De Wolf*, for appellant.

*H. S. Canthorn* and *J. Keith*, for appellee.

HOWARD, J.—This case is here for the second time. See *Bunting* v. *Gilmore*, 124 Ind. 113.

The action was originally brought on the 22d day of August, 1887, by Samuel A. Bunting, now deceased. The purpose of the suit was to have the plaintiff subrogated to the rights of certain judgment creditors of William Gilmore and Robert L. Gilmore, whose judgment claims he had paid. The appellant William R. Gilmore is a son of the said William Gilmore, and a brother of the said Robert L. Gilmore. The said judgments had been paid by Samuel A. Bunting, under a written agreement made by him with Robert L. Gilmore, who was the principal debtor, and, at the time of making said agreement, was the holder of the legal title to the land involved in this controversy. Appellant was a defendant to the suit, and demurred to the complaint, and his demurrer was sustained by the Knox Circuit Court. This ruling was reversed in this court, as appears in the case of *Bunting* v. *Gilmore, supra*.

When the case was returned to the Circuit Court, appellant (the defendant below) filed his answer in three paragraphs. To the second paragraph, which was a plea of former adjudication, a demurrer was sustained. On a finding and judgment for appellee, appellant moved for a new trial, which was overruled.

Two assignments of error are considered by appellant, viz.: the sustaining of the demurrer to the second paragraph of the answer, and the overruling of the motion for a new trial.

The complaint states in substance, that in 1870, William Gilmore, father of appellant, executed a mortgage to the school fund, upon a tract of land in Knox county, to secure a loan of two hundred and sixty-five dollars; that subsequently said William Gilmore conveyed said land to Robert L. Gilmore, who was also his son; that in 1881 the school fund mortgage was foreclosed and the land sold by

the sheriff; that the time for redemption from said sale being about to expire, Robert L. Gilmore, then owner of the land, entered into an agreement with the plaintiff Samuel A. Bunting, according to which the said Robert L. Gilmore conveyed to plaintiff said land, and plaintiff redeemed the land, and also paid certain other judgments due by said Robert L. Gilmore, the land to be reconveyed in case Robert L. Gilmore should be able to repay plaintiff for the money so advanced; that said Robert L. Gilmore has never repaid to plaintiff any part of the money so advanced; that prior to the making of said agreement, and the making of said deed to plaintiff by Robert L. Gilmore, and prior to the payment of said judgments by plaintiff, the said Robert L. Gilmore had mortgaged said land to his brother the appellant; that, at the time of said agreement, plaintiff had no knowledge of such mortgage to appellant, and that appellant assured plaintiff, at the time of said agreement, that he, appellant, had no claim to, or interest in, said land, and that appellant had urged plaintiff to enter into said agreement and redeem said land from said school fund mortgage; that plaintiff did rely upon said representations of appellant, without any knowledge of their false and fraudulent character, and in pursuance of said representations of appellant, and at his solicitation, did enter into said agreement, and paid three hundred and ninety-two dollars in redemption of said school fund mortgage, and made payments of said other judgments against said Robert L. Gilmore; that appellant knew of the execution of said agreement between plaintiff and said Robert L. Gilmore, and of the terms thereof at the time of the execution of the same; and, also, had, at the time of the execution of said school fund mortgage and of the mortgage to him by Robert L. Gilmore, actual knowledge of the said mortgage to the school fund; that at the time of the execution of said agreement and of said redemption, appellant had no other property,

but said land out of which his debts could be paid, but was then, and ever since has been, wholly insolvent; wherefore, plaintiff prayed to be subrogated to the rights of the State under said school fund mortgage and have judgment for one thousand dollars; that the same be made a lien on said land; that the land be sold to pay plaintiff's demands, and that he have all other proper relief.

On the overruling of the demurrer to the complaint, in compliance with the opinion of this court, the death of the plaintiff was suggested, and appellee, his administrator, was substituted as plaintiff.

The second paragraph of appellant's answer to the complaint alleges, that on the 23d day of August, 1886, appellant filed in the Knox Circuit Court his complaint making as defendants the said Robert L. Gilmore, mortgagor, and the said Samuel A. Bunting, then in life, but since deceased, and others; "that the purpose of said action was to reform and foreclose a certain mortgage executed by the said Robert L. Gilmore, to the defendant William R. Gilmore, upon the real estate described in the complaint herein; that said court had jurisdiction of the subject-matter of said action, and of the parties thereto; that the said Samuel A. Bunting appeared in said court to said action, and all the matters and things set forth, alleged and contained in the complaint in this action were tried, determined and adjudicated; and afterwards, to wit, on the —— day of February, 1887, and at the January term, 1887, of said Knox Circuit Court, judgment was rendered in said cause by said court, in favor of this defendant and against said Samuel A. Bunting, and the other defendants in said action for the reformation and foreclosure of said mortgage, * * * which said judgment is in full force and effect."

To this paragraph of answer the court sustained a demurrer, and this ruling of the court is the first error assigned and discussed by appellant.

Appellee contends, notwithstanding the language of the paragraph of the answer, that none of the matters in the complaint in this case were put in issue under the complaint in the former suit, but he admits that a cross-complaint might possibly have been filed in that suit, and issue joined so as to have brought them within the former decision.

In the case of *Fischli* v. *Fischli,* 1 Blackf. 360, it was said:

"Whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest.  *  *  *  This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case." And in *Ulrich* v. *Drischell,* 88 Ind. 354, the court, in reaffirming this doctrine, says:

"The general rule stated in the extract made has not only gone unchallenged for more than half a century, but a uniform and unbroken line of cases has given it approval."

The demurrer admits as true that in said former suit "Said court had jurisdiction of the subject-matter of said action and of the parties thereto; that the said Samuel A. Bunting appeared in said court to said action, and all the matters and things set forth, alleged and contained in the complaint in this action, were tried, determined and adjudicated."

If, in fact, the statements made in the answer were not true, a reply should have been filed and the issue determined; but if the statements were true, as the demurrer admits, then that former adjudication is a bar to this action.  If Samuel A. Bunting had then a right of subrogation to the rights of the State under the school fund mortgage, which was prior and superior to all other liens on said land, he should have pleaded such right in that former suit.  If, on the other hand, as appellee contends, said right of subrogation was not in issue, and could not

be in issue in that former action, or if Samuel A. Bunting was not, in fact, a party to that suit, but his son of the same name was such party, then such matter could be pleaded in reply to this answer.    Whether fraud was committed against Samuel A. Bunting by appellant and his brother, or not, would not excuse said Bunting from pleading any defense which he might have to the complaint in the former action; and if he was not, in fact, a party to that action, or if his rights of subrogation were, in fact, not there in issue, that will not justify the sustaining of a demurrer to a pleading setting up his appearance to that suit and the adjudication there of all the matters set forth in the complaint here.

It is unnecessary to give other authorities to show that a judgment is conclusive as to all matters which were or might have been litigated in the action, and a bar to any further litigation upon the same cause of action between the same parties, or those claiming under them. *Craighead* v. *Dalton*, 105 Ind. 72; *Kurtz* v. *Carr, Admr.*, 105 Ind. 574; *Elwood* v. *Beymer*, 100 Ind. 504; *Ballew* v. *Roler*, 124 Ind. 557.

It was error to sustain the demurrer to the second paragraph of the answer.    Having arrived at this conclusion, it will not be necessary to consider the remaining assignment of error, nor the cross-errors of appellee.

The judgment is reversed, with instructions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.

Filed February 14, 1893.