## ST. LOUIS-S. F. RY. CO. v. STUCKWISH, Adm'x.

No. 17966.   Opinion Filed April 9, 1929.

Rehearing Denied July 2, 1929.

E. T. Miller and Stuart, Cruce & Franklin, for plaintiff in error.

A. G. Morrison & Sons, Lydick, McPherren & Jordan, and Kittie C. Sturdevant, for defendant in error.

TEEHEE, C. Appellee, Mary K. Stuckwish, administratrix of the estate of Ed. C. Stuckwish, deceased, plaintiff below, brought suit in the district court of Canadian county against appellant, St. Louis—San Francisco Railway Company, defendant below, to recover damages in the sum of $25,000 for the death of Ed. C. Stuckwish, her husband, resultant of an injury suffered by him, for the sole benefit of herself as his wife, and their three children, Elsie, Clay, and Oliver, who were dependent upon decedent for their support.

In her petition plaintiff alleged that defendant, railway company, was engaged in interstate commerce, and that at the time of his injury, decedent was employed by defendant as a section laborer in Grady county, and was engaged in the performance of his duties as such employee along his master's railway tracks and roadbed in Grady county; that the fatal injury of decedent resulted from his being struck by defendant's locomotive attached to one of its local freight trains. There were in detail appropriate allegations of fact which showed that the fatal accident was due to the negligence and carelessness of defendant, its agents and servants, in that the section foreman in charge of the work engaged in by decedent carelessly and negligently failed to keep a lookout for approaching trains, and omitted to warn decedent of such approach and to

remove tools and appliances from the tracks and roadbed to permit passage of trains without endangerment to human life, and in that the engineer and fireman of defendant's said train carelessly and negligently failed to keep a lookout for obstructions upon the track and roadbed and to stop such train, which it was the duty of said defendant's agents and servants to so do under defendant's rules and regulations which were embodied in the petition. It was also specifically alleged.

"That plaintiff's decedent at the time aforesaid was employed by the defendant in interstate commerce as a section laborer working on the tracks and roadbed of defendant; that the said defendant is an interstate carrier of freight and passengers and at the time of the injury to plaintiff's decedent was engaged in interstate commerce; and that the injury to plaintiff's decedent occurred in the course of said employment."

Defendant answered by general and specific denial; pleaded contributory negligence and assumption of risk by decedent; and further pleaded a former adjudication, the part thereof here material being as follows:

"For further answer and further defense, defendant says that plaintiff, Mary K. Stuckwish, should not recover herein either in her own personal capacity, or as administratrix of the estate of Ed. C. Stuckwish, deceased, for the reason that heretofore and on the 6th day of October, 1924, the said plaintiff, Mary K. Stuckwish, filed her petition in the district court of Grady county, Okla., as a cause of action therein, said cause being No. 8553 on the docket of said court, in which petition the said Mary K. Stuckwish sued the defendant herein for all damages which she had sustained by reason of the death of the said Ed. C. Stuckwish, the said Ed. C. Stuckwish being the same party for whose death the said Mary K. Stuckwish is attempting to recover damages herein. That in said suit the said Mary K. Stuckwish sued this defendant on the account of the death of the said Ed. C. Stuckwish for damages sustained by her and her three surviving children, to wit: Elsie Stuckwish, Clay Stuckwish, and Oliver Stuckwish, said plaintiff and said children being the only persons who are next of kin of the said Ed. C. Stuckwish, deceased, and the only persons who could, under any law in force in the state of Oklahoma, recover damages for the death of said deceased. A copy of said petition is hereto attached, marked 'Exhibit A,' and made a part hereof.

"That thereafter, and on the 26th day of June, 1925, the issues in said cause No. 8553, then pending in the district court of Grady county, Okla., having been joined, said case came on for trial, and the plaintiff, Mary K. Stuckwish, appearing in her own proper person and by her authorized attorneys, Bond & Melton, and the defendant appearing by its attorneys, said cause was tried before a court and jury, legally constituted and acting in said district court of Grady county, Okla.; that at the close of plaintiff's testimony at said hearing, this defendant, St. Louis-San Francisco Railway Company, demurred to the evidence introduced by plaintiff, which demurrer was by the court sustained, and judgment rendered by said court in said cause in favor of this defendant. A copy of said judgment so rendered by the district court of Grady county, Okla., is hereto attached marked 'Exhibit B' and made a part hereof. * * *

"This defendant would show further to the court that the time prescribed by the statutes of the state of Oklahoma during which it was necessary for said plaintiff to prosecute her appeal from said order and judgment against her as aforesaid, has long since expired, and that said judgment of the district court in and for Grady county, Okla., has become and is a final binding judgment; that all of the questions attempted to be litigated by plaintiff in this cause of action have been finally adjudicated and settled in said cause of action so tried by the district court of Grady county; that this defendant now pleads the judgment of said court as a final adjudication and as res judicata regarding all questions pleaded and set forth by plaintiff in her petition filed herein."

To the plea of res judicata plaintiff demurred for that the same did not state facts sufficient to constitute a defense, which demurrer by the court was sustained. To the remainder of the answer, as to new matter, plaintiff replied by denial thereof. Upon trial, there was a jury verdict and judgment for plaintiff in the sum of $15,000, of which $10,000 was apportioned to the surviving wife, $3,000 and $2,000, respectively, to two of the children.

Defendant complains of the judgment under nine propositions. The first four go to the alleged error of the trial court in sustaining plaintiff's demurrer to defendant's plea of res judicata. In effect these four constitute but a single general proposition.

In the presentation thereof defendant proceeds on the theory that the trial court sustained the demurrer to the plea on the ground that the allegations of fact relied on, conceded to be true by the demurrer, were insufficient in point of merit rather than as to both the sufficiency of the plea as a pleading and the merits thereof as appears to be plaintiff's theory in her argument in support of the court's ruling. It is not entirely

clear from the record that the court acted upon the sufficiency of the pleading to raise the issue of res judicata, yet, in the view that we take of the state of the case, our consideration thereof is required in order to reach disposal of the general proposition submitted, which necessarily calls for a test of the plea from the standpoint of merit. We thereto direct our attention preliminary to our consideration of the sufficiency of the plea to constitute res judicata.

As noted, the plea has attached thereto a copy of the petition, the judgment, and also a copy of the order of denial of the motion for a new trial in the former case. Because it fails to include, as exhibits, the answer and the demurrer in the former case, plaintiff contends that the plea is defective as a pleading to present the matter relied on. In support of the contention plaintiff relies on the rule as expressed in Williamson v. Foreman, 23 Ind. 540, to wit:

"An answer setting up a former adjudication must be accompanied by a complete record of all the pleadings and proceedings of the case in which it is founded."

And that:

"Where a pleading is founded on a written instrument, and the original or copy is not filed, the defect may be reached by demurrer."

Other like cases from several other jurisdictions are cited which have applied the rule above cited. If the rule urged upon us is here controlling, it must logically follow that plaintiff's contention must be sustained. The exact point does not appear to have been determined in this jurisdiction, unless it be said that the case of Cowan v. Maxwell, 27 Okla. 87, 111 Pac. 388, by intendment is a clear announcement of the rule here controlling, though the point was not there in fact present. In that case, in the syllabus, it was held:

"An answer which sets up a former adjudication in bar of the pending action showing that the former suit was for the same cause of action between the same parties and the judgment rendered therein was on the merits of the case by a competent court with jurisdiction of the parties and the subject-matter of the action, and that the judgment rendered therein was still in force and effect, and had not been appealed from, is good, and error is not committed in overruling a demurrer filed thereto."

In the body of the opinion, it was said:

"The answer referred to seeks to plead a former judgment, and it appears to us that it sufficiently states the essential elements of such a plea, so that it constitutes a defense to plaintiff's petition. It avers that the instant case was for the same cause of action between the same parties as a previous case, and that the judgment therein was rendered on the merits of the case by a justice of the peace with jurisdiction of the parties and the subject-matter, giving the date on which the same was rendered, and averred that it had not been appealed from. This in our judgment is sufficient." Section 127, art 8, par. 4325, c. 66, Wilson's Rev. & Ann. St. 1903; section 6707, Comp. Laws, 1909; 9 Ency. Plead. & Prac. pages 619, 620, and cases cited.

The statute cited in that case is what is now our section 300, C. O. S. 1921, which provides the manner of pleading a judgment of a court or officer of special jurisdiction in that it shall be sufficient to state that the judgment was duly given or made, and that the jurisdiction of any such court or officer shall be presumed until the contrary is made to appear. The treatise cited supports the rule laid down in the syllabus. The case, we may properly observe, appears to have applied our statutory rule of construction of a pleading, which is embodied in section 294, C. O. S. 1921, to wit:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

It is to be observed, also, that the Maxwell Case involved the pleading of a judgment of a court of special jurisdiction, so that the statute cited in that relation had particular application thereto. Whether or not the statutory rule applies to the pleading of a judgment of a court of record, we do not deem it necessary to determine. In the state of Kansas, from which it was adopted, it has been construed both to and not to apply to judgments of the district court. Pro, see Burnes v. Simpson, 9 Kan. 658; Baking Company v. Kitchen, 8 Kan. App. 445, 57 Pac. 494; and, contra, Rheinhart v. State, 14 Kan. 318; O'Loughlin v. Carr, 9 Kan. App. 818, 60 Pac. 478.

Upon the rule of the Maxwell Case, defendant relies, and contends that thereunder its plea of res judicata is sufficient as a pleading to raise the issue, and that it was not necessary to attach thereto a complete transcript of the former case. Defendant cites no further supporting cases on the point, but, from a limited research on our own motion, it appears that its contention may be well sustained by competent authorities. As noted, plaintiff among other

254

cases relies on Williamson v. Foreman, 23 Ind. 540, which but followed prior cases. The rule there laid down has been expressly repudiated. Lytle v. Lytle, 37 Ind. 281. That case was a suit on a judgment of a court of record. In the syllabus the court held:

"In a suit on a judgment, it is not necessary to make a copy of the judgment an exhibit to the complaint."

In the opinion the court said:

"It is true that it has been repeatedly decided by this court, that it is necessary in bringing an action upon a judgment, or in setting up a judgment as a defense or by way of reply, that a copy of the judgment shall be filed with the pleading; and these rulings have been based on 2 G. & H. 104, sec. 78, which provides, that 'When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading,' etc.; but, after mature consideration, we have come to the conclusion that a proper construction of that section of the Code, and a regard for convenience and economy in practice, require us to hold that a judgment is not a 'written instrument' within the meaning of that section. Deeds, mortgages, bonds, written contracts, promissory notes, bills of exchange, etc., are written instruments. Judgments are in writing, but are not usually called written instruments. The Legislature, in framing and enacting the section, evidently had in view only instruments of which 'the original, or a copy,' might be filed as the party might elect. The original of a judgment cannot be filed. It is frequently the case that the judgment which is pleaded is a judgment of a court of the same county, and often it is a judgment of the same court in which the pleading is filed. In such cases it is unnecessarily inconvenient and expensive to the party to be compelled to procure a transcript of the record pleaded, which must be a complete record, to be filed with the pleading. If the record is of the court of another county in the state, or of a foreign state, the party pleading it will, of course, have to obtain a copy as evidence, whether it be filed with the pleading or not. It results from this ruling that the case of Reasor v. Raney, 14 Ind. 441; Norris v. Amos, 15 Ind. 365, and other cases following them, are overruled."

Since the Lytle Case, it has been the rule in Indiana that to an answer of former adjudication it is not necessary to file therewith a copy of the pleadings in the former case. McCarty v. Kinsey, 154 Ind. 447, 57 N. E. 108; Burrell v. Jean, 196 Ind. 187, 146 N. E. 754.

In the Kinsey Case the court, citing prior cases, said:

"It is first insisted that the answer was insufficient because no copy of the pleadings in the former case was filed with said answer and made a part thereof. The answer of former adjudication is not founded on the pleadings in the former suit, and it is not necessary, therefore, to file with such answer a copy thereof as an exhibit."

In the Jean Case, the judgment in the former case was embodied in the answer. There the court said:

"The answers averring former adjudication were challenged by demurrers for want of facts, in that the pleadings in the former action were not incorporated in either of these answers. Each of the answers embodied the judgment relied on, and averred facts showing that the point at issue in the instant case was formerly adjudicated between the parties to the present action. They were sufficient to withstand the demurrers."

See, also, Mallory v. Dawson Cotton Oil Co., 32 Tex. Civ. App. 294, 74 S. W. 953; Vickers v. Vickers, 45 Nev. 288, 202 Pac. 32.

As it is the rule in this jurisdiction that "the plea of res judicata is a defensive matter and must be pleaded and proven like any other defense" (Hall v. Morris, 96 Okla. 39, 219 Pac. 903), we are of the opinion that, in pleading a former adjudication, it is not necessary to file with the plea, as an exhibit, a copy of the pleadings or record in the former suit.

Upon the merits of the plea, the governing rule is well stated by this court in Alfrey v. Colbert, 44 Okla. 246, 144 Pac. 179, in this language:

"In order to constitute a good plea of res judicata, the following elements should be apparent: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them—and where these elements are clearly apparent, the plea should be sustained."

Of these requisites the court said:

"In substance, the foregoing elements are universally recognized by the courts and textwriters, and the authorities are in equal harmony that, where these elements do appear, a plea of res judicata is good."

Defendant contends that its plea fully met these requisites, and proceeds by its argument to point out the particulars in which this was done with citation of authorities in support thereof, and thus urges that the trial court committed error in sustaining the

demurrer to the prejudice of its substantial rights.

Plaintiff on the contrary contends that defendant's allegations "attempting to plead res adjudicata are mere statements of legal conclusions and therefore a nullity," and for that reason "no issue of fact in the case at bar could have been joined thereon." Plaintiff cites Heatherly v. Hadley, 2 Ore. 269; DaCosta v. Dibble, 40 Fla. 418, 24 So. 911, Id., 45 Fla. 225, 33 So. 466, and other like cases which appear to sustain her premise, and points out that the allegation in which defendant summarizes all of its allegations as showing the requisite elements of the plea, to wit:

"That all of the questions attempted to be litigated by plaintiff in this cause of action have been finally adjudicated and settled in said cause of action so tried by the district court of Grady county; that this defendant now pleads the judgment of said court as a final adjudication, and as res judicata regarding all questions plead and set forth by plaintiff in her petition filed herein"

—being similar in form and substance as in the Oregon Case and the other cases cited. was there held to be but a mere construction of the pleader and the statement of a mere legal conclusion, and therefore insufficient.

We find no difficulty in sustaining the plea as to the sufficiency of its allegations of fact. In Mallory v. Dawson Cotton Oil Co.. supra, the plea alleged that theretofore.

"Plaintiff had instituted suit in the district court of Navarro county against defendant for an amount alleged to be due him under said contract, and had recovered a judgment in said cause; that the amount here sued for was not included in the district court suit; that the liability of defendant, whatever it was under said contract, accrued to plaintiff prior to the institution of this suit and prior to the institution of said suit in the district court; that the defendant's liability to plaintiff arose wholly and entirely by virtue of said contract and the express terms thereof. and that whatever was due by defendant to plaintiff was due upon said contract, and not otherwise, and plaintiff's present demand and that prosecuted to judgment as aforesaid, constitutes one and the same cause of action; wherefore defendant says that, having divided his cause of action and having prosecuted his district court suit to judgment, which is now valid and subsisting, having never been appealed from, but on the contrary, settled and paid off by defendant, the said plaintiff is, by reason thereof, barred from any recovery in this case; and

of this defendant prays the judgment of the court."

A demurrer thereto was overruled, which was assigned as error. The court, in disposing thereof, said:

"The first, second and third assignments are founded on demurrers, the substance of them being that the plea shows that the matters adjudicated in the district court suit were not the same cause of action as this one, and failed to show that the two causes of action were in fact one inseparable cause of action; and because it appears therefrom that this suit was filed first, and the suit in the district court was on a written contract and the price fixed by that contract, and the present suit was for the value and price of extra work outside the written contract, the price of which was not shown to have been determined by any written contract; and further because the plea did not set out and did not show how and in what manner the issues in this cause were adjudicated in the district court case, and the allegations thereof were mere conclusions, and did not state facts.

"The plea, in form, was sufficient. It stated facts sufficient. It was not necessary in such a plea to set forth the pleadings and judgment in the other case. Wilson v. Buell (Ind.) 20 N. E. 231. The plea shows that the suit in the district court was for an amount alleged to be due under the same contract, and plaintiff had obtained judgment thereon, and that what was sued for in that case had accrued prior to the filing of the present suit. This, in our opinion, was enough to constitute it a sufficient plea."

Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263, involved a plea of res judicata less comprehensive than the one in the cause at bar, and to which there was attached as an exhibit the findings of fact and conclusions of law, which plea the adverse party characterized as a conclusion and not an allegation of fact, as is contended by the plaintiff here. Of the contentions, the court said:

"The plaintiff claims in support of his demurrer to the portion of the answer quoted that it is insufficient because it does not set forth in detail the facts that were alleged in the complaint in the first action, so that the court may decide by comparison whether the facts claimed in the two actions were the same: that the allegations of the answer to the effect that the facts in the two cases were identical is a conclusion, and not an allegation of fact. The claim is without merit, for the answer alleges the ultimate facts to be proven on the trial, viz., that the facts set forth in the complaint in this action are the same facts alleged in the complaint in the former action. in which there was a judgment on the merits dismissing the action. These ultimate facts

constituting the former adjudication are properly alieged, in form and substance, in the answer."

Similar conclusions were reached in Rynearson v. Parkhurst, 88 Ind. 264, and Gilmore v. McClure, 133 Ind. 571, 33 N. E. 351.

United States v. Parker, 120 U. S. 89, 7 Sup. Ct. 454, 30 L. Ed. 601, involved a plea of res judicata in which there were contained allegations similar to the allegations contained in the plea under consideration, and to which there was not attached any of the pleadings or the judgment in the former cause. Plaintiff's demurrer thereto on the ground of its insufficiency to state a defense was overruled by the trial court. In sustaining the sufficiency of the plea, the appellate court observed:

"It may be, according to the rule of pleading at common law, where a former judgment is set up by way of a bar to the action as an estoppel, the plea in this case would not be regarded as sufficiently certain, for want of an express averment that the amount sought to be recovered in this action was part of the same amount sought to be recovered in the prior action. But the rules of the common law as to pleading are not in force in Nevada, where the procedure is regulated by a statutory code, which governs the practice of the courts of the United States sitting therein in common law cases by virtue of sec. 914 of the Revised Statutes. This code, like other similar codes regulating the practice of the state courts, has relaxed the strictness of the common law rules of pleading, so that now, instead of construing pleadings strictly against the party, they are to be construed liberally in his favor, for the furtherance of justice.

"Section 70 of the Civil Procedure Act of the state of Nevada, approved March 8, 1869 (Laws of 1869, p. 206), being sec. 3092 of the General Statutes of Nevada of 1885, is as follows: 'In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.'

"In commenting on this section, the Supreme Court of Nevada, in Ferguson v. Virginia & Truckee Railroad, 13 Nevada, 184, 191, uses the following language: 'But the rule of construing pleadings most strongly against a pleader has been rep'aced in this state by the more liberal rule prescribed in sec. 70 of the Practice Act. This section is the same as sec. 159, of the New York Code. The result of the decisions in that state seems to be, that, on a general demurrer, the allegations of a complaint will be construed as liberally in favor of the pleader as, before the Code, they would have been

construed after the verdict for the plaintiff. That is, they will be construed in such a sense as to support the cause of action or the defense. Moak's Van Santvoord's Pl. (3d Ed.) side page 771 et seq., and cases cited. In this state a similar doctrine has been declared in State v. Central Pacific Co., 7 Nev. 99, 103."

"Applying this rule, it becomes quite clear that the pleading in question sufficiently avers all the facts necessary to constitute the former judgment a bar to the present action."

This observation of the court is peculiarly pertinent here, as the statute there construed is identical with our section 294, supra, with the exception that the first "a" of the Nevada statute, in ours is "any."

Following, therefore, the statutory rule of a liberal construction of pleadings, and the foregoing authorities, which, as we think, proceed on better reasoning than the cases relied on by plaintiff, we are of the opinion that the allegations characterized by plaintiff as conclusions of the pleader are sufficient as allegations of fact, and that they constitute a plea within the rule of Alfrey v. Colbert, supra, unless the further point urged, which goes to the question of whether or not the former adjudication was in fact upon the merits, may be sustained.

In that relation plaintiff contends that, as the plea on its face shows that the case turned on a demurrer to the evidence, the adjudication may have been in effect a nonsuit in that the evidence may have established the fact that the parties were engaged in interstate commerce, and for that reason was dismissed, in which event the former judgment would not operate as a bar to the present action. Under our practice, necessarily, this would be met in defense against the plea, and as the language of the plea is to the effect that all questions raised in the present action were litigated and adjudicated in the former case involving the same subject-matter, which, for the purpose of the demurrer were admitted to be true, our consideration thereof is rendered unnecessary. As was said in Gilmore v. McClure, supra:

"If, in fact, the statements made in the answer were not true, a reply should have been filed and the issue determined; but if the statements were true, as the demurrer admits, then that former adjudication is a bar to this action."

These conclusions, however, do not finally dispose of the matter in issue, for, though we have concluded that under the allegations of the plea all of the requisite ele+

ments of a sufficient plea had been met, plaintiff further urges that there still remains a want of identity of the parties, and, in support of that contention, she relies on Troxell v. Del., Lack. & West. R. R. Co., 227 U. S. 434, 33 Sup. Ct. 274, 57 L. Ed. 586, which case, it appears from the record here, the trial court followed in sustaining the demurrer. In the syllabus of that case the court reannounced the rule that:

"To work an estoppel, the first proceeding and judgment must be a bar to the second one because it is a matter already adjudicated between the parties, and there must be identity of parties in the two actions."

In addressing itself to the question of identity of parties, the court, in that case, used this language:

"Furthermore, it is well settled that to work an estoppel by judgment there must have been identity of parties in the two actions. Brown v. Fletcher's Estate, 210 U. S. 82; Ingersoll v. Coram, 211 U. S. 335. The Circuit Court of Appeals in the present case, while recognizing this rule, disposed of the contention upon the ground that the parties were essentially the same in both actions—the first action was for the benefit of Lizzie M. Troxell and the two minor children, and the present case, although the action was brought by the administratrix, is for the benefit of herself and children—and held that, except in mere form, the actions were for the benefit of the same persons and therefore the parties were practically the same; and that the omission to sue as administratrix was merely technical and would have been curable by amendment. This conclusion was reached before this court announced its decision in American Railroad Co. v. Birch, 224 U. S. 547. That action was brought under the Federal Employers' Liability Act by the widow and son of the decedent and not by the administrator. The lower court held that the requirement of the act that the suit should be brought in case of death by the personal representative of the deceased did not prevent a suit in the name of the person entitled to the benefit of the recovery. In other words, the court ruled, as did the Circuit Court of Appeals in this case, that where it was shown that the widow and child were the sole beneficiaries, they might maintain the action without the appointment of a personal representative. This court denied the contention, and held that Congress, doubtless for good reasons, had specifically provided that an action under the Employers' Liability Act could be brought only by the personal representative, and the judgment was reversed without prejudice to the rights of such personal representative. We think that under the ruling in the Birch Case there was not that identity of parties in the former action

by the widow and the present case, properly brought by the administratrix under the Employers' Liability Act, which renders the former suit and judgment a bar to the present action."

Applying the holding of the court as thus expressed to the point in hand, it would appear that the plea, under that case, upon the immediate question was insufficient as by plaintiff contended. Defendant contends, however, that the same court, in Chicago, R. I. & P. Ry. Co. v. Schendell, 270 U. S. 611, 46 Sup. Ct. 420, 70 L. Ed. 757, decided shortly before the trial of the cause in hand and of which plaintiff was not then informed, while not so expressly holding, overruled the Troxell Case in that particular.

By paragraphs 4, 5, and 6 in the Schendell Case, the court held:

"Whenever an action may be properly maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is bound by the judgment.

"The question of identity of parties in two actions is of substance; parties nominally the same may be in legal effect different, and parties nominally different may be in legal effect the same.

"Identity of parties exists between two proceedings to fix compensation or damages against a railroad for the accidental death of an employee, in one of which the state compensation law was invoked against the widow upon the ground that the deceased's employment was intrastate, while in the other the administrator sued under the Federal Employers' Liability Act, upon the ground that it was interstate, the widow being the sole beneficiary in both cases."

In the discussion of the question, the court used this language:

"In the Iowa proceeding, the widow of the deceased was a party in her own right and clearly was bound by the judgment. The action in Minnesota, however, was brought by the administrator, and the state Supreme Court, on the authority of Dennison v. Payne, supra, pp. 342-343, held that there was a want of identity of parties. The decision in the Dennison Case rests entirely on Troxell v. Del., Lack. & West. R. R., 227 U. S. 434. The effect of the last-named case we pass for later consideration.

"Hope's death as the result of the negligence of the railroad company gave rise to a single cause of action, to be enforced directly by the widow, under the state law, or in the name of the personal representative, for the sole benefit of the widow, under the federal law, depending upon the char-

acter of the commerce in which the deceased and the company were engaged at the time of the accident. In either case, the controlling question is precisely the same, namely, Was the deceased engaged in intrastate or interstate commerce? and the right to be enforced is precisely the same, namely, the right of the widow, as sole beneficiary, to be compensated in damages for her loss. The fact that the party impleaded, under the state law, was the widow, and, under the federal law, was the personal representative, does not settle the question of identity of parties. That must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts. If a judgment in the Minnesota action in favor of the administrator had been first rendered, it does not admit of doubt that it would have been conclusive against the right of the widow to recover under the Iowa compensation law. And it follows, as a necessary corollary, that the Iowa judgment, being first, is equally conclusive against the administrator in the Minnesota action; for, if, in legal contemplation, there is identity of parties in the one situation, there must be like identity in the other."

The court thereupon cites and quotes from prior cases, and also cites cases from other jurisdictions, and thereupon further said:

"Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that 'whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment.' 1 Freeman on Judgments (5th Ed.) sec. 500. Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, Bigelow on Estoppel (6th Ed.) 145; and parties nominally different may be, in legal effect, the same. (Citing cases.)"

Under the reasoning of the Schendell Case, therefore, it is difficult to see how there could be any difference in the identity of the parties in the former adjudication relied on by defendant and in the cause in hand. The fact that in the Schendell Case there was surviving only the wife, and in the Troxell Case there were surviving the wife and two children, does not create a distinction between the two cases upon the question of identity of parties, as controversy upon that point appears to be foreclosed by the principles announced in the quoted paragraphs of the syllabus in the Schendell Case. Identity of the parties in the cases in hand must be true, for a recovery under either the state law or the federal statute must go to the benefit of the surviving members of decedent's family, namely, the wife and the three children. In this relation the federal statute is no different from the state law, in that the action under the local law may have also been brought by an administrator (section 1, chapter 125, S. L. 1925, amendatory of section 824, C. O. S. 1921), with a recovery likewise for the benefit of the surviving members of the family. It is to be observed that the federal statute is silent upon the manner of distribution in the event of a recovery in a lump sum. In such case, distribution thereof, necessarily, would be made under the state statute, as no other provision of law would have application. Central Vermont R. Co. v. White, 238 U. S. 507, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252. In that event said chapter 125, supra, provides that distribution shall be "in the same manner as personal property of the deceased."

As we understand the Troxell Case, however, the question of identity of parties was not the decisive issue. This is clearly indicated by the court's observation in that relation in the Schendell Case, to wit:

"It remains only to consider the bearing of the Troxell Case, supra, upon this point. Mrs. Troxell, the widow of a deceased employee, sued the railroad company under a state statute, for the benefit of herself and minor children, to recover for the death of her husband resulting from a negligent failure to provide safe instrumentalities. There was a judgment against her. She then brought suit under the Federal Employers' Liability Act, as administratrix, averring the negligence of a fellow-servant, a ground of recovery which was not available to her in the action under the state statute. It was held, following the general rule, that, the cause of action in the two cases being different and the issue determined in the first not being involved in the second, there was no estoppel. This was decisive of the case, but the court proceeded to say that, furthermore, there was not an identity of parties in the two actions. Two former decisions of this court are cited, Brown v. Fletcher's Estate, 210 U. S. 82, and Ingersoll v. Coram, 211 U. S. 335. Both cases, following the well-established rule, simply decide that there is no privity between administrators appointed in different states, since the authority of an executor or administrator appointed in one state does not extend to the property or administration in another state.

"Whether, in the light of the foregoing views, we now should hold that where, as in the Troxell Case, the rights of additional beneficiaries, not actual parties to the first judgment, are involved, the requirement of identity of parties is unsatisfied, is a question we do not feel called upon here to re-examine; since we are clear that such requirement is fully met in the situation now under consideration, where the sole beneficiary was an actual party to the proceeding under the state law, and present by her statutory representative in the action under the federal law, and no other rights were involved."

Where is the difference in identity, therefore, between the parties in the former case and the parties in the case in hand? Certainly, it could not be disputed that in the former case there were present in court the surviving wife and the three children under authority of section 825, C. O. S. 1921, with the recovery, if the action had been successful, going to the benefit solely of herself and the three children. This must likewise be true of the present action, though brought by the surviving wife as administratrix of the estate of the decedent, for a recovery goes to the benefit of identically the same parties as in the former action.

Following the reasoning, therefore, of the Schendell Case, which, in our view, in effect, overrules the Troxell Case upon the particular point, we are of the opinion that the requirement of identity of parties between the former adjudication and the present action is fully satisfied, for in the former action the beneficiaries of the estate were actual parties to the proceeding, and are here present by their statutory representative, who, it cannot be gainsaid, legally represents the same beneficiaries.

These conclusions upon this phase of the case renders consideration of the other assignments of alleged error unnecessary, as they may not arise in the course of another trial. Accordingly, we are of the opinion that the trial court committed reversible error in sustaining plaintiff's demurrer to defendant's plea of res judicata, for which reason the judgment of the district court is hereby reversed, and the cause remanded with directions to overrule plaintiff's demurrer, with leave to plaintiff to file a reply to the plea, and for such further proceedings not inconsistent with this opinion.

LEACH, FOSTER, HERR, and JEFFREY, Commissioners, concur.

BENNETT, Commissioner, concurs in conclusion.

REID and DIFFENDAFFER, Commissioners, dissent.

Note.—See under (2) 15 R. C. L. p. 952; 3 R. C. L. Supp. p. 509; 4 R. C. L. Supp. p. 1025; 5 R. C. L. p. 859. See "Judgments," 34 C. J. §1405, p. 984, n. 35; §1491, p. 1055, n. 64; §1499, p. 1061, n. 22, 23; §1500, p. 1061, n. 24; p. 1062, n. 26; §1502, p. 1064, n. 40.